**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

DAVID K. BINFORD,

     Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

     Respondent - Appellee.

No. 05-6052

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 95-CR-159-4)**

David K. Binford, Pro Se.

Debra Woods Paull, Assistant U.S. Attorney, Office of the United States Attorney, Oklahoma City, Oklahoma, for Respondent-Appellee.

Before **KELLY, O'BRIEN** and **TYMKOVICH**, Circuit Judges.[*]

**O'BRIEN**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner, David Binford, *pro se*,[1] filed a habeas corpus application under 28 U.S.C. § 2241[2] on December 29, 2004, contending he should be awarded credit against his federal sentence for certain time spent in state custody. Exercising jurisdiction under 28 U.S.C. § 1291, we review de novo the district court's decision to deny habeas relief and affirm. *Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998).

## I.    Factual Background

While Binford was in the custody of Oklahoma state authorities on charges of kidnaping and possession of a firearm after a former felony conviction, the district court issued a complaint against him for charges relating to counterfeited checks. On October 17, 1995, pursuant to an order for writ of habeas corpus *ad prosequendam*, state authorities released Binford into federal custody for the adjudication of the federal charges. On October 18, 1995, the district court ordered Binford's continuing temporary detention until the outcome of pending state charges was determined. Binford remained in federal custody while the prosecution of the federal charges proceeded. Binford pled guilty and on April 3,

---

[1] "We afford a liberal construction to pleadings of a defendant appearing pro se." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).

[2] Binford initially titled his claim as a petition pursuant to 28 U.S.C. § 2255, but concedes the district court correctly construed his petition under 28 U.S.C. § 2241. A federal prisoner need not secure a certificate of appealability before bringing a claim under § 2241. *McIntosh v. U.S. Parole Com'n.*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

1996, he was sentenced to a term of sixty months imprisonment on Count 1 and sixty-three months imprisonment on Counts 2 through 11, to run concurrently with Count 1. The order did not address whether the sentence would run consecutive to or concurrently with any sentence arising from the pending state charges.

Instead of returning Binford to state custody, the United States Marshals Service mistakenly delivered Binford to the Federal Correctional Institution in El Reno, Oklahoma on April 23, 1996. After reviewing Binford's file, prison staff realized he should have been transferred immediately back to the state because the writ of habeas corpus *ad prosequendam* did not transfer the primary jurisdiction of custody to federal authorities. Accordingly, Binford was returned to Oklahoma state authorities on May 13, 1996.

Binford entered a plea of guilty to the Oklahoma state charges, which were unrelated to his federal charges. On November 26, 1996, the District Court of Oklahoma County sentenced Binford to a twenty-year term of imprisonment on Count 1, kidnaping, and twenty years imprisonment on Count 6, possession of a firearm after a felony conviction. These terms were to be served concurrently, but consecutive to the federal sentence.

On December 29, 2004, Binford filed his pro se petition for Writ of Habeas Corpus contending he was "denied Federal Credit for time served since Apri[l] 3,

1996, the date his Federal Sentence actually commenced." (R. Doc. 131 at 5.)

The district court treated Binford's motion as a motion for modification of

sentence under 28 U.S.C. § 2241 and ordered a response brief from the Office of

the United States Attorney. On February 1, 2005, the district court denied

Binford's petition, concluding he remained in the primary custody of the state

during his federal prosecution and the federal sentence was to run consecutive to

his state sentence. This appeal followed.

## II.    Discussion

On appeal, Binford raises two issues. First, he contends the federal district

court did not have jurisdiction to impose a sentence consecutive to a future

sentence that may be imposed in pending state charges.[3] Thus, the district court

erroneously applied the presumption, in the absence of a statement to the

contrary, that sentences imposed at different times run consecutively. While

Binford concedes the district court is authorized to impose either consecutive or

---

[3] 18 U.S.C. § 3584(a) states in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or . . . on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

concurrent sentences, he maintains this authority is prohibited in cases where the sentence has yet to be imposed.

While there is authority from other circuits supporting his position,[4] Binford's argument is foreclosed by our holding in *United States v. Williams*, 46 F.3d 57 (10th Cir. 1995). There, considering an identical challenge, we held that "no language in section 3584(a) prohibit[s] a district court from ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed." *Williams,* 46 F.3d at 59. The district court correctly followed the binding precedent of *Williams.*

Binford next contends his federal sentence began to run on the date he was delivered to the El Reno federal facility after sentencing because the state had relinquished his custody to the federal authorities. As a result, he asserts our holding in *Weekes v. Fleming*, 301 F.3d 1175 (10th Cir. 2002), requires credit on his federal sentence for the time served in the state prison following his delivery to El Reno.

The computation of a federal sentence requires consideration of two separate issues. Initially, we determine the commencement date of the federal

---

[4] *See Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000) (recognizing the division of courts of appeals "on the question whether a district court may require its sentence to be served consecutively to a state sentence that will be imposed in the future" and citing cases).

sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence. *Weekes*, 301 F.3d at 1179 (The "first task is to determine when [the Petitioner's] federal sentence actually commenced."). Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose.[5]

A federal sentence must generally be served continuously "'unless interrupted by . . . some fault of the prisoner, and he cannot be required to serve it in installments.'" *Weekes,* 301 F.3d at 1179 (internal quotation omitted). Binford contends the facts of his case are equivalent to those in *Weekes*. In *Weekes*, the petitioner was released from state custody and surrendered to federal authorities for prosecution under federal charges. He returned to state custody for a brief period to attend a hearing on the state charges, but again was released to federal

---

[5] 18 U.S.C. § 3585(b) requires the defendant be given credit "for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." Binford does not contend he did not receive credit on his *state sentence* for the time he spent in federal custody prior to his return to the state after the federal proceedings had concluded.

custody. After sentencing under the federal charges, Weekes was committed to the Federal Bureau of Prisons and delivered to the federal facility at Lompoc, California. However, he was returned to state custody approximately two months later to serve his state sentence. *Id*.

Weekes argued, as Binford does here, "that, pursuant to § 3585(a), his federal sentence actually commenced when he was designated to be transferred to serve his time at the federal penitentiary . . . and continued to run despite the fact that the United States sent him to [the state authorities] to serve his state sentence." *Id*. Generally, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." *Id.* at 1180. Nonetheless, the sovereign having custody determines whether to retain or surrender that custody. *See Gee v. Kansas,* 912 F.2d 414, 417 (10th Cir. 1990).

In *Weekes*, we found merit in the defendant's argument because the United States was unable to provide evidence that the transfer by the state authorities was conditional or temporary, *i.e.* pursuant to a writ of habeas corpus *ad prosequendum*. Thus, we "presumed . . . that both the United States and Idaho agreed to a permanent change of custody." *Weekes*, 301 F.3d at 1181. We noted that further actions by both federal and state authorities supported that presumption. Idaho's actions included (1) the subsequent use of an *ad*

*prosequendum* writ to regain custody, (2) a sentencing order expressly providing that the state sentence should be served concurrently with a future federal sentence, and (3) a state-lodged detainer requesting Weekes' return to the state prison system *upon completion* of his federal sentence. *Id.* (emphasis added). The United States "consistently designated Mr. Weekes as a federal prisoner after it took custody" and "agreed to notify the State when Mr. Weekes' federal sentence was almost completed." *Id.* Because the record demonstrated "[t]he United States was under no duty to return Mr. Weekes to state custody after federal sentencing," we concluded he "must be given federal credit for time served since . . . the date his federal sentence actually commenced." *Id.*

On appeal, Binford concedes "the only detail that is not completely parallel[]" is the fact the federal government here produced an *ad prosequendam* writ by which it gained custody of Binford. (Appellant's Suppl. Auth. Br. at 3.) However, Binford argues that "[t]his distinction is not relevant or dispositive of the conclusion, which remains the same in both cases." (*Id.*) He claims the subsequent acts of the entities are evidence of their intention to transfer primary custody to the federal authorities. He alleges Oklahoma subsequently used an *ad prosequendum* writ to regain his custody for continued prosecution of the pending

state charge, and therefore, he was merely on "loan" to the state authorities.[6] (R. Doc. 131 at 8.)  However, there is no other evidence of a subsequent state *ad prosequendam* writ in the record.  Binford has asked this court to take judicial notice that the docket sheet for his federal case indicates the April 1, 1996 *ad prosequendam* writ requesting his presence for sentencing on April 3, 1996, was returned unexecuted by the State of Oklahoma.  (*See* Motion for Expedited Ruling/Petition for Immediate Release, filed 12/27/05.)  Assuming this is a proper subject for judicial notice,[7] the unexecuted return of the writ is inconsequential.  What is important is that the record contains the initial application and Order for Writ of Habeas Corpus *Ad Prosequendam* requesting Binford be brought before the federal court for the purpose of prosecution of the charges against him.  The Order of Temporary Custody was entered the next day.  Binford remained in temporary custody until his sentencing.  Therefore, he was at all times held pursuant to the original writ and order.

Contrary to Binford's approach, the continuous service rule is not a "get

---

[6] Binford submitted records indicating his "booking number" changed when he was taken into federal custody and again when he returned to state custody.  He does not explain how these administrative actions evidence that he was merely on "loan" to the state when the federal authorities returned him in March, 1996.

[7] "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

out of jail early card" for prisoners. *Free v. Miles,* 333 F.3d 550, 555 (5th Cir. 2003) (internal quotation omitted). We find no evidence that Oklahoma surrendered Binford's custody to the federal authorities other than "to accord [Binford] expeditious administration of justice." *Brown v. Perrill*, 28 F.3d 1073, 1074 (10th Cir. 1994) (citing *Hernandez v. United States Attorney General,* 689 F.2d 915, 918 (10th Cir. 1982) (internal quotations omitted). His mistaken delivery to the El Reno facility was short-lived and corrected swiftly after the prison staff discovered the error. Indeed, the overall period of his incarceration is not extended beyond the time contemplated by the sentencing courts. As a result, Binford's federal sentence never began until he was finally received into federal custody for the purpose of serving his federal sentence, after completing his state sentence. *See* 18 U.S.C. § 3585(a); *Hayward v. Looney,* 246 F.2d 56, 58 (10th Cir. 1957). Binford is not entitled to credit against his federal sentence for time spent in state prison.[8]

AFFIRMED.

---

[8] Two pending administrative matters are brought to an end with this disposition. Binford's Motion to Proceed In Forma Pauperis is granted. Binford's Motion for Expedited Ruling/Petition for Immediate Release is dismissed as moot pursuant to disposition of this case.