**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENITO BAZAN,

        Plaintiff - Appellant,

v.

FRANCES CORDOVA, as Sergeant in
the New Mexico National Guard, in
his individual capacity,

        Defendant - Appellee.

No. 06-2202

D. N.M.

(D.C. No. CIV-04-1133 MV/DJS)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Benito Bazan, appearing *pro se*,[1] appeals from the district court's grant of

_____

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[1] Bazan was represented by an attorney in the district court. We granted
his attorney's request on appeal to withdraw and Bazan chose to proceed *pro se*.

summary judgment in favor of Frances Cordova, dismissing Bazan's claim based on 42 U.S.C. § 1983. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## Background

Bazan filed a § 1983 claim against his former New Mexico National Guard supervisor, Sergeant Cordova, claiming he was terminated in retaliation for exercising his First Amendment right to free speech (complaining of corrupt practices).[2] Cordova was working in a military capacity at the time he terminated Bazan. The district court granted summary judgment in favor of Cordova, concluding Cordova was immune from suit pursuant to the doctrine of *Feres v. United States*, 340 U.S. 135, 146 (1950) ("[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."). The district court then dismissed Bazan's remaining state law claim without prejudice. Bazan timely appealed.

---

"Because [Bazan] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

[2] Bazan failed to include numerous district court pleadings in the record on appeal. Nevertheless, we take judicial notice of the relevant documents in the files. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006), *cert. denied*, 127 S.Ct. 1334 (2007); *Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006).

The briefs are not particularly helpful. Bazan filed a six-page summary and conclusory brief. Cordova responded with a three-page brief. Taking a cue from the parties our discussion will be terse.

## Discussion

"We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court." *Green v. Bd. of County Comm'rs*, 472 F.3d 794, 797 (10th Cir. 2007). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Reviewing the facts in the light most favorable to Bazan, we conclude the district court correctly rendered judgment in favor of Cordova.

Bazan first argues the district court applied the wrong law and submits it should have applied the Patriot Act and the Homeland Security Act, which in his view trumps the *Feres* doctrine. These laws were not referenced in Bazan's complaint nor in any pleading to the district court submitted on appeal. Therefore, this argument will not be considered. *See Oklahoma Chapter of Am. Acad. of Pediatrics v. Fogerty*, 472 F.3d 1208, 1216 (10th Cir. 2007).

Bazan next argues the district court relied on hearsay evidence in reaching its determination of Cordova's active military status at the time of the alleged constitutional violation. However, the district court relied on a properly admitted affidavit based on the affiant's personal review of military records. "At the

summary judgment stage, evidence need not be submitted in a form that would be admissible at trial." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (internal quotations omitted). "Nonetheless, the content or substance of the evidence must be admissible." *Id*. Here, the content of the affidavit would be admissible at trial and Bazan did not offer evidence to contradict the affidavit's assertion regarding Cordova's active military status.

Finally, Bazan claims his counsel was ineffective. "The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial." *Nelson v. Boeing*, 446 F.3d 1118, 1119 (10th Cir. 2006). "If a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney." *Id*. Bazan's complaints regarding his counsel do not affect the district court's determination in favor of Cordova.

**AFFIRMED**.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge