FILED
United States Court of Appeals
Tenth Circuit

April 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROGER LEE REED,

      Petitioner-Appellant,

v.

CAROL HOLINKA, Warden,

      Respondent-Appellee.

No. 10-3334
(D.C. No. 5:08-CV-03209-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Roger Lee Reed appeals from the denial of his 28 U.S.C. § 2241 petition seeking early release from federal prison. We affirm.

Mr. Reed was convicted under Kansas law for committing theft while on probation. The state court imposed a prison sentence of fifty-seven months. Shortly after his state conviction, Mr. Reed pled guilty in federal court to illegal possession of a firearm. The court sentenced him to thirty-six months to run

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

consecutively to his state sentence. On May 31, 2007, while serving his state sentence, Mr. Reed was erroneously transferred to federal custody. Upon discovering this administrative error, federal authorities promptly returned him to Kansas. On April 3, 2009, Mr. Reed completed his state sentence and was transferred back to federal custody to serve out his federal sentence. Time mistakenly spent in federal custody was credited against his state sentence.

On appeal, Mr. Reed makes two arguments for early release. First, he contends his federal sentence actually commenced on May 31, 2007 (not April 3, 2009) when he was erroneously transferred to federal custody. Second, he says he should have received credit against his federal sentence for time served before April 3, 2009. The district court rejected both these arguments. Relying on *Binford v. United States*, 436 F.3d 1252 (10th Cir. 2006), and *Stroble v. Terrell*, 200 F. App'x 811 (10th Cir. 2006) (unpublished), the court held that Mr. Reed's federal sentence commenced on April 3. *See* 18 U.S.C. § 3585(a). Moreover, it held that no time served before April 3 could be credited against his federal sentence because that time had already been credited against his state sentence. *See* 18 U.S.C. § 3585(b). After reviewing the record ourselves, we cannot disagree with the district court. Accordingly, and for substantially the same reasons given by the court in its thorough order, we affirm the denial of

Mr. Reed's habeas petition and deny his "Motion for Judgment on the Pleadings Summary Judgment Rule 56 (a - g)."

Entered for the Court


Neil M. Gorsuch
Circuit Judge