FILED
United States Court of Appeals
Tenth Circuit

February 14, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GREGORY A. ESQUIVEL,

Petitioner - Appellant,

v.

WARDEN, F.C.I., El Reno,

Respondent - Appellee.

No. 11-6269
(D.C. No. 5:11-CV-00365-W)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

Gregory Esquivel, an inmate proceeding pro se, appeals the district court's

dismissal of his 28 U.S.C. § 2241 petition challenging the Bureau of Prisons's

failure to credit certain time he spent in custody toward his federal sentence. He

also seeks leave to proceed in forma pauperis. Exercising jurisdiction under 28

U.S.C. §§ 1291 and 2253(a), we review de novo the district court's decision to

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

deny habeas relief and affirm. Binford v. United States, 436 F.3d 1252, 1253 (10th Cir. 2006).

## Background

Mr. Esquivel had his Missouri state parole revoked on June 28, 2006. On December 29, 2006, Missouri's Department of Corrections, Board of Probation and Parole, granted Mr. Esquivel release from confinement effective June 28, 2007. On February 27, 2007, Mr. Esquivel was taken into federal custody on a writ of habeas corpus ad prosequendum relating to a federal indictment issued October 19, 2006. Mr. Esquivel was returned to the Missouri Department of Corrections on July 23, 2008, following federal conviction and sentencing.

On August 14, 2008, Mr. Esquivel was turned over to federal authorities to serve his federal sentence. The Bureau of Prisons calculated Mr. Esquivel's sentence based on a start date of August 14, 2008, and did not count any additional time as credit toward his federal sentence. Mr. Esquivel filed his 28 U.S.C. § 2241 petition with the district court on April 1, 2011, arguing that he should receive credit toward his federal sentence for time spent in custody between his scheduled parole date (June 28, 2007) and the date he entered federal custody to serve his federal sentence (August 14, 2008), as he would have been released but for federal custody relating to his federal conviction and sentencing. The district court denied Mr. Esquivel's petition based on 18 U.S.C. § 3585(b),

relying on Mr. Esquivel's concession that he would have received the same credit toward his Missouri sentence whether he was in state custody or on state parole.

## Discussion

Computation of a federal sentence requires consideration of two separate issues: (1) the commencement date of the federal sentence, and (2) the extent to which a defendant can receive credit for time spent in custody prior to commencement of his sentence. Binford, 436 F.3d at 1254. A federal sentence commences when a prisoner is received into federal custody for that purpose. Id. at 1255; see also 18 U.S.C. § 3585(a). Because Mr. Esquivel entered federal custody to serve his federal sentence on August 14, 2008, his federal sentence commenced on that date. The issue is the credit, if any, to which Mr. Esquivel is entitled for custody prior to that date.

Federal law mandates that a prisoner may not receive credit toward a federal sentence "for any time . . . spent in official detention . . . credited against another sentence." 18 U.S.C. § 3585(b). Mr. Esquivel concedes that Missouri prisoners receive credit toward their sentences whether in custody or on parole. Aplt. Br. 6 & n.1 (citing Mo. Rev. Stat. § 217.730 ("The period served on parole . . . shall be deemed service of the term of imprisonment.")). Thus, regardless of when Missouri paroled Mr. Esquivel, he was in official detention between June 28, 2007 and August 14, 2008, and he alleges that he received credit against his

Missouri sentence during that time. Per 18 U.S.C. § 3585(b), he cannot also receive credit for that time against his federal sentence.

AFFIRMED. We DENY Mr. Esquivel leave to proceed in forma pauperis.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge