FILED
United States Court of Appeals
Tenth Circuit

February 17, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

FREDDY L. WILLIAMS,

     Defendant - Appellant.

No. 14-3046
(D.C. No. 2:08-CR-20141-JWL-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **McKAY**, and **MORITZ,** Circuit Judges.

The United States District Court for the District of Kansas sentenced Freddie[1] L.

Williams for a violation of his supervised release to 24 months in prison, to run

consecutively with a previously imposed state court sentence of 12 months in prison and

---

[*]After examining Mr. Williams's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] At his sentencing hearing on February 21, 2014, Mr. Williams explained his name is spelled Freddie, rather than Freddy, as it appears in the caption.

12 months of post-release supervision.

Mr. Williams appeals the federal sentence, arguing it is procedurally unreasonable[2] because it is impossible to fully implement the consecutive nature of the federal sentence. He explains his federal sentence was imposed when he was in federal custody and immediately began to run even though his previously imposed state sentence was also running and not yet fully discharged. Because the two sentences overlapped, they could not be fully consecutive.

Mr. Williams also contends the district court did not adequately explain its application of the 18 U.S.C. § 3553(a) factors.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[2] Appellants can challenge federal sentences on procedural and/or substantive reasonableness grounds. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). Procedural reasonableness protects against "significant procedural error, such as failing to calculate (or improperly calculating) the [United States Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Substantive reasonableness concerns whether, in light of the § 3553(a) factors, "the length of the sentence is reasonable given all the circumstances of the case." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (quotations omitted). Mr. Williams argues his sentence is unreasonable but does not explicitly characterize his challenges as procedural or substantive. He does not challenge the length of the sentence in light of the § 3553(a) factors. He argues the district court imposed a sentence that could not be implemented and failed to explain its consideration of the § 3553(a) factors when imposing a consecutive sentence. We construe Mr. Williams's arguments to be procedural reasonableness challenges.

## I. BACKGROUND

In August 2013, while on supervised release for a prior federal offense, Mr. Williams committed felony burglary and misdemeanor theft. He was arrested and taken into state custody. In September 2013, a federal arrest warrant issued for Mr. Williams because he had violated conditions of his supervised release, including committing a state crime—the burglary.

On January 3, 2014, Mr. Williams pled guilty to attempted burglary in Wyandotte County District Court in Kansas. The state then released him on bond to be taken into federal custody under the federal warrant.[3]

On February 14, 2014, while Mr. Williams was in federal custody, the state court sentenced him to 12 months in prison and 12 months of post-release supervision, to run concurrently with any federal sentence resulting from his violation of the supervised release conditions. Mr. Williams's state sentence began to run once he was sentenced by the state court. It appears he was credited for time served because his state sentence

---

[3] The record is incomplete about Mr. Williams's custody. At the federal sentencing hearing, Mr. Williams explained he was in primary state custody until January 3, 2014, when Kansas released him on bond and he was taken into federal custody on the federal arrest warrant. The government did not contest this explanation then and does not do so on appeal. The federal arrest warrant is in the record, and the federal district court's docket contains an entry confirming Mr. Williams's arrest on January 3, 2014. The record does not include documentation confirming Mr. Williams's release on bond, or further details about how custody was transferred.

expired on July 20, 2014.[4]

On February 21, 2014, the federal district court revoked Mr. Williams's supervised release and sentenced him to 24 months in prison, to run consecutively to the state sentence. It explained that calculations based on the United States Sentencing Guidelines yielded a range of 12 to 18 months in prison followed by a period of supervised release, but the court varied the sentence upward to 24 months with no supervised release based on its consideration of the 18 U.S.C. § 3553(a) factors.

Mr. Williams now appeals his federal sentence.

## II. **DISCUSSION**

### A. *Impact of Custody Status on Federal Sentencing*

To help understand the sentencing implementation issue raised in this appeal, we address briefly how a defendant's custody status affects the commencement of a federal sentence.

Under 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to

---

[4] At sentencing, Mr. Williams explained he was arrested and taken into state custody on August 21, 2013, transferred to federal custody on January 3, 2014, and sentenced in state court to 12 months in prison on February 21, 2014. On appeal, Mr. Williams's brief states, "Kansas Department of Corrections, Sentencing Computation Unit confirms that Mr. Williams is serving in absentia and his sentence will expire in July 20, 2014." Aplt. Br. at 8 n.18. Given his sentence's expiration, it is reasonable to infer he received credit for time served despite no definitive confirmation in the record.

be served." A federal sentence normally commences immediately following sentencing when, as here, the defendant is in primary federal custody.[5] *See, e.g.*, *Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006). But primary custody status can change depending on the circumstances. *See Weekes v. Fleming*, 301 F.3d 1175, 1180-81 (10th Cir. 2002).

For example, a prisoner held in primary state custody may be temporarily transferred to federal custody based on a writ of habeas corpus ad prosequendum, and any federal sentence imposed while in temporary federal custody would not normally commence until the state relinquishes its primary custody of the prisoner. *See, e.g.*, *Binford*, 436 F.3d at 1255-56.

That did not happen here. As noted above, Mr. Williams was in primary federal custody when he was sentenced, so his federal sentence began to run immediately.

## B. *Issues Raised on Appeal*

On appeal, Mr. Williams attempts to raise two issues.

First, he argues his federal sentence is procedurally unreasonable because it is impossible to implement in accordance with the district court's decision that it should be

---

[5] "Subject to statutory restrictions, the United States Attorney General has the exclusive authority to determine when a sentence shall begin and where the federal sentence shall be served." *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002). For example, a federal sentence can begin when a defendant is still in primary state custody if the United States Attorney General designates a state facility as the prisoner's place of imprisonment. *See* 18 U.S.C. § 3621(b). This circumstance did not apply to Mr. Williams's sentence.

a fully consecutive sentence.  He contends the federal sentence cannot be fully consecutive to the state sentence because the federal sentence began running before the state sentence was completed, which necessarily required the two sentences to overlap. He concedes the federal district court intended his state and federal sentences to total 36 months—12 months on the state sentence followed by a fully consecutive 24 months on the federal sentence.  But due to the overlap, Mr. Williams asserts, incorrectly, that he will serve only 24 months.[6]

Second, Mr. Williams argues the federal district court failed to adequately explain its consideration of the § 3553(a) factors.

## C.  *Forfeiture*

We need not reach the merits of Mr. Williams's arguments because he failed to raise them at sentencing and has not demonstrated how he would survive plain-error review on appeal.  At sentencing Mr. Williams asked for his federal sentence to be concurrent with his state sentence.  He noted he had already served approximately four months of his state sentence.   He did not argue, as he does now, that a fully consecutive sentence was not possible because his primary federal custody status at sentencing meant

---

[6] At sentencing, Mr. Williams explained that he had already served four months in state custody before he was sentenced in federal district court.  It therefore appears he will serve approximately 28 months—roughly four months in state custody followed by 24 months in federal custody, which overlapped with the remaining eight months on his state sentence.  Mr. Williams is challenging a federal sentence that results in fewer months in prison than the district court apparently intended.

his federal sentence would start to run immediately together with his state sentence, thereby precluding a fully consecutive federal sentence. He also did not object to the district court's consideration of the § 3553(a) factors.

1. **Forfeiture and the Burden to Show Plain Error**

"It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 119 (1976). If a theory is not "intentionally relinquished or abandoned," but instead "simply wasn't raised before the district court," it is forfeited and may only be reversed under the plain error standard. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011); *see also United States v. Robertson*, 568 F.3d 1203, 1210 (10th Cir. 2009) ("[U]nless Defendant lodged a specific objection to a procedural error at sentencing, our review is limited to plain error.").

"We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007).

The appellant "has the burden to satisfy the plain-error rule." *United States v. Vonn*, 535 U.S. 55, 59 (2002); *see also Richison*, 634 F.3d at 1131 ("If a newly raised legal theory is entitled to appellate review at all . . . it may form a basis for *reversal* only if the appellant can satisfy the elements of the plain error standard of review."). "And the failure to do so—the failure to argue for plain error and its application on appeal—surely

marks the end of the road for an argument for reversal not first presented to the district court." *Richison*, 634 F.3d at 1131; *see United States v. De Vaughn*, 694 F.3d 1141, 1158-59 (10th Cir. 2012) ("Because Defendant has not even tried to show how the alleged errors were 'plain,' we need not engage a full discussion of the merits.")

2. **No Objection in District Court**

At sentencing, Mr. Williams acknowledged the federal sentence could not be fully concurrent with the state sentence because the latter began to run before Mr. Williams was in federal custody, between August 21, 2013, and January 3, 2014. After expressing uncertainty about how the Bureau of Prisons would implement his federal sentence in light of the then-running state sentence, and without requesting a specific duration for his federal sentence, Mr. Williams asked for his federal sentence to run concurrently with the remaining period of his state sentence.[7] He urged the court to consider the total punishment imposed for his past violations, his improved attitude in the courtroom, and his frustrations with the justice system. In response, the Government argued for a 24-month sentence with "some amount of consecutive time." ROA, Vol. II at 55.

The district court then explained, based on the § 3553(a) factors, that it was considering a sentence of 24 months to run consecutively to the state sentence and no supervised release. The court stressed the need for deterrence and to protect the public

---

[7] It is possible Mr. Williams was asking for an eight-month federal sentence to run concurrently with the remaining eight months on his state sentence, but he did not mention specific numbers.

from Mr. Williams's continued criminal activity. It asked Mr. Williams if there was "any legal reason why [that] sentence should not now be imposed." ROA, Vol. II at 61. Mr. Williams's counsel responded, "There's no legal reason, Your Honor." *Id.* at 61-62. At no point did Mr. Williams argue a consecutive sentence was unreasonable because it could not be fully implemented or assert the district court had failed to adequately explain its consideration of the § 3553(a) factors. The court sentenced Mr. Williams to 24 months with no supervised release, to run consecutively to the state sentence.[8]

### 3. **Mr. Williams's Failure to Argue Plain Error on Appeal**

By arguing the federal district court abused its discretion, Mr. Williams essentially addresses only the first element of the plain error test. In light of Mr. Williams's concession that he will serve fewer months than the federal district court intended, he has not shown how he could satisfy the test's remaining elements. Indeed, Mr. Williams does not attempt on appeal to demonstrate how the purported procedural errors are plain, affected his substantial rights, or seriously affected the fairness, integrity, or public reputation of judicial proceedings. More fundamentally, he does not argue for us to find plain error. Instead, Mr. Williams simply argues the merits of the two issues he attempts to raise on appeal. Mr. Williams's failure to present his arguments to the district court and to argue on appeal for plain error "marks the end of the road" for his appeal.

---

[8] The Government has not cross-appealed to seek resentencing to allow the district court to revise its sentence in light of Mr. Williams's federal custody status frustrating the court's intent to impose a fully consecutive sentence.

*Richison*, 634 F.3d at 1131.[9]

### III.  **CONCLUSION**

We affirm Mr. Williams's sentence.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[9] Mr. Williams also argues he is subject to more severe restrictions in prison because his sentence is designated as consecutive.  But this argument does not overcome the forfeiture problem described above.