**Mona ELHELBAWY, Plaintiff–Appellant,**

v.

**Penny S. PRITZKER, Secretary, U.S. Department of Commerce, Defendant–Appellee.**

No. 15–1446

United States Court of Appeals, Tenth Circuit.

Filed October 13, 2016

(D.C. No. 1:14–CV–01707–CBS), (D. Colorado)

Mona ElHelbawy, Pro Se.

Susan Begesse Prose, Juan G. Villasenor, Office of the United States Attorney, District of Colorado, Denver, CO, for Defendant–Appellee.

Before TYMKOVICH, Chief Judge, BACHARACH and MORITZ, Circuit Judges.

## ORDER AND JUDGMENT *

Robert E. Bacharach, Circuit Judge

This appeal grew out of a dispute between Plaintiff (Ms. Mona ElHelbawy) and her employer (the Institute for Telecommunications Sciences). After the employer fired Ms. ElHelbawy, she sued under Title VII, the Rehabilitation Act, the Whistleblower Protection Act, the Privacy Act, and the Fair Labor Standards Act. The district court dismissed the second amended complaint, declined to permit Ms. ElHelbawy to amend a third time, and denied two motions to alter or amend the judgment. She appeals, and we affirm.

## I. Plaintiff did not waive her appeal points by incorporating a district court memorandum.

■ Defendant argues that Ms. ElHelbawy waived all of her appellate issues by incorporating a memorandum she had filed in district court. Our rules do not allow parties to incorporate the briefing in district court. *See* 10th Cir. R. 28.4 ("Incorporating by reference portions of lower court ... briefs ... is disapproved and does not satisfy the requirements of Fed. R. App. P. 28(a) and (b)."). This prohibition applies even to parties, like Ms. ElHelbawy, who are appearing pro se. *See Wardell v. Duncan*, 470 F.3d 954, 963–64 (10th Cir. 2006) (stating that a litigant's pro se status does not exempt her from this circuit's established prohibition against incorporating by reference arguments made in district court filings). But we have discretion in how we apply this prohibition. Fed. R. App. P. 2; 10th Cir. R. 2.1. For two reasons, we decline to find a waiver of the appellate arguments incorporated in Ms. ElHelbawy's district court memorandum.

First, in her opening brief, Ms. ElHelbawy presents some arguments bearing on her appeal points. These arguments would not be considered waived even if we were

---

* We do not believe that oral argument would be helpful. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

to disregard the district court memorandum.

Second, Ms. ElHelbawy attached the district court memorandum to her opening appellate brief; the effect would be the same if Ms. ElHelbawy had retyped her district court memorandum and used our caption rather than the district court's.[1]

For both reasons, we do not treat the incorporation of a district court memorandum as a waiver.

## II. Ms. ElHelbawy was not prejudiced by the alleged failure to inform her of appeal rights.

■ Ms. ElHelbawy argues that the district court failed to inform her of her appeal rights. She assumes that the district court had such an obligation, but has not supported that assumption with any authority.

Even if this obligation existed, Ms. ElHelbawy did not suffer prejudice, for she timely appealed. In the absence of any prejudice, we reject Ms. ElHelbawy's argument. *See* Fed. R. Civ. P. 61 (requiring the court to disregard errors "that do not affect any party's substantial rights").

## III. The district court did not abuse its discretion in denying Ms. ElHelbawy's motion for leave to amend her complaint a third time.

■ The district court gave three reasons for denying the motion for leave to amend: (1) Ms. ElHelbawy failed to submit a proposed amended complaint; (2) she failed to explain how she would cure the deficiencies in her second amended complaint; and (3) she had unduly delayed the proceedings.

Our review is for an abuse of discretion. *See Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014). "A district court abuses its discretion when it (1) fails to exercise meaningful discretion, such as acting arbitrarily or not at all, (2) commits an error of law, such as applying an incorrect legal standard or misapplying the correct legal standard, or (3) relies on clearly erroneous factual findings." *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015).

The court did not abuse its discretion. Ms. ElHelbawy points out that during a status conference, she asked if she could amend the complaint again. The court responded, suggesting to Ms. ElHelbawy that she answer the motion to dismiss and indicate whether any of the alleged pleading defects could be cured by amendment. Ms. ElHelbawy took this suggestion and contends that the court erred when it

- denied the eventual motion to amend and
- granted the motion to dismiss without permitting another amendment.

These rulings fell within the district court's discretion. The court allowed Ms. ElHelbawy to amend, instructing her to

- examine the motion to dismiss while amending,
- consult with defense counsel to determine which of the arguments for dismissal Defendant intended to pursue in her reply brief, and
- supply opposing counsel with a copy of the proposed amended complaint.

But Ms. ElHelbawy did not attach her proposed amendment. As a result, Defendant could not determine which arguments would apply to the new complaint. In these circumstances, the district court had the

---

1. The combination of the opening appeal brief and district court memorandum did not exceed our word limit.

discretion to deny leave to amend for a third time.

## IV. The district court did not err in considering arguments Defendant allegedly made for the first time in her reply brief without allowing Ms. ElHelbawy to file a surreply.

■ Ms. ElHelbawy contends that the district court erroneously considered arguments raised for the first time in Defendant's reply brief. But she has identified only one issue newly raised in the reply brief: exhaustion.

In its reply brief, Defendant urged non-exhaustion based on a failure to present evidence of discrimination to the agency. *See ElHelbawy v. Pritzker*, No. 1:14–cv–01797–CBS, ECF No. 43 at 4 (D. Colo. Mar. 18, 2014).[2] Ms. ElHelbawy insisted that this argument was new. But the district court did not consider Defendant's exhaustion argument. Instead, the court held that even if this claim had been unexhausted, jurisdiction would exist. Thus, we reject Ms. ElHelbawy's argument involving a failure to permit a surreply brief on the exhaustion issue.

Ms. ElHelbawy also referred generally to many allegedly new arguments in thirteen pages of Defendant's reply brief. The district court credited Defendant's jurisdictional challenges to (1) Ms. ElHelbawy's Title VII claim involving interference with an application for workers' compensation benefits and (2) the Whistleblower Protection Act claim. But Ms. ElHelbawy has not challenged the rulings on these claims. On the other claims, Ms. ElHelbawy has not shown that the district court adopted any of the arguments in Defendant's reply brief. Thus, reference to the thirteen pages does not support reversal.

## V. Ms. ElHelbawy has waived her argument that the district court erred in denying her Rule 59(e) motions.

■ Ms. ElHelbawy argues that the district court erred in denying her Rule 59(e) motions. Our review is for abuse of discretion. *F.T.C. v. Chapman*, 714 F.3d 1211, 1215 (10th Cir. 2013). Ms. ElHelbawy's argument is conclusory. Though she says that the district court denied the motions without any explanation, she has failed to develop the argument or cite any legal authority. Accordingly, she has waived this argument. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (pro se appellant waives an issue when she fails to provide any supportive legal authority).

## VI. The district court properly dismissed the claims under the Fair Labor Standards Act and the Rehabilitation Act.

In light of Ms. ElHelbawy's pro se status and her incorporation of her Rule 59(e) memorandum, we construe her argument on the Rule 59(e) motion as a contention that the district court erred in dismissing the only two substantive claims addressed in the memorandum—claims under the Fair Labor Standards Act (FLSA) and the Rehabilitation Act. The court did not err.

### A. We review under the standard governing motions to dismiss.

Our review is de novo. *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts that, if true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

---

**2.** ECF No. 43 is not part of the record on appeal, but is subject to judicial notice. *See*

*Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006).

550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when the allegations give rise to a "reasonable inference that the defendant is liable." *Id.*

## B. The district court properly dismissed the FLSA claim.

■ The FLSA, 29 U.S.C. §§ 201–219, "protect[s] all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981).

In dismissing the FLSA claim, the district court made three rulings:

1. Ms. ElHelbawy had failed to allege payment of the minimum wage or compensation for overtime hours.
2. Classification as a professional employee would prevent application of the FLSA's minimum-wage and maximum-hour requirements.
3. Ms. ElHelbawy had not alleged the amount of lost wages being sought, which was significant because FLSA claims for over $10,000 must be brought in the Court of Federal Claims. *See Abbey v. United States*, 745 F.3d 1363, 1368–69 & n.1 (Fed. Cir. 2014).

We need not address Ms. ElHelbawy's arguments about the second and third rationales because the first rationale is sufficient. Ms. ElHelbawy states that a FLSA plaintiff need only "allege that he or she regularly worked more than 40 hours per workweek, and that he or she was not paid for those overtime hours." Appellant's Opening Br., Attach. at 5;[3] *see, e.g., Landers v. Quality Commc'ns, Inc.*, 771 F.3d

638, 644–45 (9th Cir. 2014) ("[T]o survive a motion to dismiss, a plaintiff asserting a [FLSA] claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."), *cert. denied*, —— U.S. ——, 135 S. Ct. 1845, 191 L.Ed.2d 754 (2015). But the FLSA allegations do not meet that requirement.

The FLSA allegations are two-fold:

1. "Defendant willfully and knowingly failed to pay Plaintiff for hours worked between March 23, 2012 and November 15, 2012."
2. "Defendant willfully and knowingly continued to task Plaintiff with work-related activities and administrative matters even after her effective removal on November 15, 2012[.]"

R., Vol. I at 18. These allegations do not state that Ms. ElHelbawy worked more than 40 hours in any week or that, if she did, she was not paid overtime for those hours. Nor has she explained how these allegations meet the pleading requirement that she identified. Accordingly, we conclude that

● these allegations are insufficient to survive dismissal under Rule 12(b)(6) and

● the district court properly dismissed the FLSA claim.

## C. The district court properly dismissed the Rehabilitation Act claim.

■ The Rehabilitation Act requires federal employers to provide reasonable accommodation to federal employees with

---

**3.** Ms. ElHelbawy's statements in her Rule 59(e) memorandum regarding FLSA pleading requirements focus only on overtime violations. But even if her claim included a mini-mum-wage violation, her allegations would not state a valid claim because they omit any facts indicating a failure to pay a minimum wage.

a qualifying disability. 29 U.S.C. § 791; *see Woodman v. Runyon*, 132 F.3d 1330, 1337–38 (10th Cir. 1997) (discussing reach and elements of claim under § 791).

In her Rehabilitation Act claim, Ms. El-Helbawy made four allegations:

1. She suffered an injury when she was exposed to construction dust during an ongoing renovation in the building where she worked.

2. Her symptoms included allergic reactions that progressed to a life-threatening suffocation episode and loss of consciousness.

3. She was disabled within the meaning of the Rehabilitation Act because of irritant-induced asthma and vocal-cord dysfunction, rhinosinusitis, and skin irritation.

4. Defendant refused to accommodate that disability by denying her permission to telework on a full-time basis, denying her request for leave without pay, and wrongfully terminating her employment as a result of failing to provide such accommodation.

The district court concluded that Ms. ElHelbawy

● had failed to adequately allege a disability within the meaning of the Rehabilitation Act and

● could not plausibly allege a causal connection between her alleged disability and the termination of her employment.

We uphold these conclusions.

On appeal, Ms. ElHelbawy presses only her failure-to-accommodate claim. This claim would be valid only if Ms. ElHelbawy alleged facts plausibly showing a "disability" within the meaning of the Rehabilitation Act. *See Woodman*, 132 F.3d at 1338 (describing the elements of a prima face accommodation claim).[4] For three reasons, Ms. ElHelbawy's allegations are deficient.

First, Ms. ElHelbawy's allegations are conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[W]e ... disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.").

Second, Ms. ElHelbawy alleged that she had been seen for her condition by medical providers and had supplied copies of the resulting medical reports to her employer, but she did not identify the contents of those medical reports. Without factual allegations about what the medical reports said, Ms. ElHelbawy has not pleaded a valid claim under the Rehabilitation Act.

Third, Ms. ElHelbawy points to factual allegations supposedly establishing that her disability limited her ability to work. These allegations consist of (1) emails between her and her supervisor, in which she posits that something in the building is causing her allergic reactions, (2) an occupational diary she completed in an attempt to isolate the cause of her symptoms, in which she described the severity of her symptoms as either severe (four instances) or life-threatening (one instance) on eight

---

4. Under the Americans with Disabilities Act, which applies to a failure-to-accommodate claim under the Rehabilitation Act, "disability" means "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); *see* 29 U.S.C. § 705(9)(B) (referring to the Americans with Disabilities Act definition for certain Rehabilitation Act purposes, including failure-to-accommodate claims under 29 U.S.C. § 791).

different workdays, and (3) an accompanying report where she described patterns related to her symptoms, including absence of the symptoms "most of the time." *See ElHelbawy v. Pritzker*, No. 1:14–cv–01797–CBS, ECF No. 27–2 at 2–11, 13 (D. Colo. June 19, 2014).[5] These allegations do not plausibly establish that Ms. ElHelbawy had a qualifying disability.[6]

## VII. Disposition

The judgment of the district court is affirmed.[7]

---

5. Although ECF No. 27–2 is not part of the record on appeal, we may take judicial notice of the document. *See Binford*, 436 F.3d at 1256 n.7.

6. Ms. ElHelbawy also listed the health care providers she had seen for her condition, but this list does not add to the plausibility of her allegations of a qualifying disability.

7. We need not decide two claims: (1) the district court misapprehended the claim as one for discriminatory discharge rather than one for failure to accommodate, and (2) the court erred in relying on the absence of a permanent injury and a decision by an administrative judge.