**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICHARD LEE GOODFACE, a/k/a
Richard L. Rieger,

      Petitioner - Appellant,

v.

U.S. ATTORNEY GENERAL; BUREAU
OF PRISONS; U.S. MARSHALS,

      Respondents - Appellees.

No. 19-1238
(D.C. No. 1:18-CV-01884-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Richard Goodface appeals the district court's denial of his application for a

writ of habeas corpus.  Goodface is serving two concurrent sentences:  a 28-month

federal term of imprisonment for possession of a firearm by a prohibited person and

the remainder of a five-year state parole revocation sentence.  He filed a pro se

habeas application pursuant to 28 U.S.C. § 2241, seeking an award of presentence

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

confinement credit against his federal sentence. After appointing counsel and receiving briefing from the parties, the district court denied his application. Goodface timely appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Goodface was convicted in Colorado state court of attempted first-degree murder and sentenced to a twenty-year prison term, to be followed by a mandatory five-year term of parole. On March 22, 2016, he was released from prison and began serving his state parole term. On June 24, 2016, he was arrested for violating his parole conditions. He was held in county jail and charged with state offenses. On August 24, 2016, he was indicted on a federal charge of possession of a firearm by a prohibited person. The state offenses, which were based on the same conduct as the federal charge, were later dismissed.

On August 30, 2016, Goodface was transferred to the custody of the United States Marshals Service ("USMS") pursuant to a federal writ of habeas corpus ad prosequendum. He remained in the physical custody of USMS from August 30, 2016 to February 21, 2018.

Goodface pled guilty in federal court to the firearms charge. On February 22, 2018, he was sentenced to a 28-month federal term of imprisonment and began serving his federal sentence that day. His judgment and sentence recommended that he be given credit for time served. Although the judgment was silent concerning whether the federal sentence was to be served concurrently or consecutively to the

2

remaining state sentence, the federal sentencing judge later retroactively designated the sentence to run concurrently with his state sentence.

On March 28, 2018, the Colorado State Board of Parole revoked Goodface's state parole sentence. The Colorado Department of Corrections ("CDOC") granted him credit against his parole sentence for the entire period he was "on the streets" from March 22, 2016 (when he was released from prison) to March 28, 2018 (when his parole was revoked). But Goodface also sought presentence confinement credit against his federal sentence for the time period when he was in USMS custody prior to receiving his federal sentence, from August 30, 2016 to February 21, 2018. After the federal Bureau of Prisons ("BOP") denied him that requested credit, he filed this petition.[1]

**II**

In computing a federal sentence, we follow a two-step process: we first determine the commencement date of the federal sentence, then address whether the defendant can receive credit for time spent in custody prior to the commencement of that sentence. Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006). The district court concluded the BOP correctly determined that Goodface began serving his federal sentence on February 22, 2018. It denied his habeas application because it concluded he had already received credit on his state sentence for the entire period

---

[1] A federal district court lacks authority to grant credits against federal sentences. Such authority lies exclusively with the BOP, the decisions of which are subject to administrative and judicial review. See United States v. Wilson, 503 U.S. 329, 335 (1992).

3

from June 24, 2016 to February 22, 2018 and was thus ineligible for credit against his federal sentence.

This appeal presents a pure legal issue of statutory interpretation, which we review de novo. See Wright v. Fed. Bureau of Prisons, 451 F.3d 1231, 1233 (10th Cir. 2006). "Our task is to interpret the words of the statute in light of the purposes Congress sought to serve." Id. at 1234 (quotation omitted). Our inquiry begins with the statutory language, and we read its words "in their context and with a view to their place in the overall statutory scheme." Id. (quotation omitted).

Under 18 U.S.C. § 3585(b), a defendant is entitled to "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," but only if that time "has not been credited against another sentence." In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337.

Goodface argues the credit he received against his Colorado sentence was for time Colorado considered him to be "on the streets," which he would have received for being on parole regardless of whether he served that time in BOP custody.[2] The credit the CDOC granted him, he contends, was therefore not due to his being in official detention and should not count as a credit against his state sentence for purposes of § 3585(b). He argues the word "credited" used in § 3585(b), taken in

---

[2] Respondents do not contest this interpretation of Colorado law.

4

context, unambiguously refers to time credited against another sentence because of official detention, and only for that reason. Alternatively, if § 3585(b) is ambiguous, Goodface contends we should look to the purpose of the provision, which is to ensure that defendants do not receive duplicative credit due to time spent in official detention.

We agree with the district court that Goodface is not entitled to further credit against his federal sentence. He has already received credit toward his state sentence for time spent in official detention from August 30, 2016 to February 21, 2018, prior to the commencement of his federal sentence on February 22, 2018. The fact that Colorado would have afforded him the same credit for serving a term of parole in the community is irrelevant. The time Goodface spent in official detention <u>was</u> credited against his state sentence. That is all the statute's plain language requires.

Goodface also notes that § 3585(b) makes no reference to credit granted toward a term of parole. But under Colorado law, "the term 'sentence' incorporates both the incarceration component and the mandatory parole component of an offender's penalty." <u>People v. Norton</u>, 63 P.3d 339, 344 (Colo. 2003). Goodface does not contest this principle of Colorado law.

Although § 3585(b) does refer to credit for time spent in official detention, nothing in the statute requires the BOP to ignore a state's grant of credit against a parole sentence. The statute does not require a court to inquire into why the credit was given, or under what other circumstances such credit might have been given. This interpretation is consistent with the statutory purpose of the exclusion, which is

5

to prevent a defendant from receiving "a double credit for his detention time." Wilson, 503 U.S. at 337. In this case, the BOP did just that: consistent with § 3585(b), it denied Goodface credit against his federal sentence for the time he spent in USMS custody because Colorado had already credited that time against his state parole sentence.

## III

**AFFIRMED**. Goodface's motion to expedite this appeal is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge