FILED
United States Court of Appeals
Tenth Circuit

April 23, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SILIAIVAOESE FUIMAONA,

    Petitioner - Appellant,

v.

D. HUDSON, Warden, USP - Leavenworth,

    Respondent - Appellee.

No. 20-3255
(D.C. No. 5:20-CV-03218-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **McHUGH**, **KELLY**, and **BRISCOE**, Circuit Judges.**
_____

Petitioner-Appellant Siliaivaoese Fuimaona, a federal inmate appearing pro se, appeals from the district court's judgment on his 28 U.S.C. § 2241 habeas petition, which sought credit on his federal sentence for time served on a prior Missouri state criminal sentence. See Fuimaona v. Hudson, No. 20-3218-JWL, 2020 WL 7186148 (D. Kan. Dec. 7, 2020).

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In July 2014, Mr. Fuimaona was sentenced in state court for possession of a controlled substance, burglary, and theft/stealing. R. 51–54. On October 14, 2015, Mr. Fuimaona was charged with conspiracy to distribute methamphetamine in federal court. R. 56–63. On October 19, 2015, he was taken into federal custody on a writ of habeas corpus ad prosequendum and was later returned to Missouri custody on March 31, 2016. R. 65. Mr. Fuimaona was then transferred to federal custody on December 19, 2016 and on January 18, 2017, he entered a guilty plea to Count 1 of the federal indictment. R. 72. Mr. Fuimaona was returned to state custody on February 7, 2017 until he was released on parole on March 27, 2017. R. 67, 70. He was returned to federal custody on the same day. On May 25, 2017, petitioner was sentenced to a federal term of 144 months, concurrent with his state sentence. R. 80. The Federal Bureau of Prisons (BOP) awarded 65 days of federal credit for prior custody from February 6, 2014, through February 12, 2014, and from March 28, 2017, through May 24, 2017. R. 81.

Mr. Fuimaona seeks additional credit for time served on his prior Missouri state criminal sentence. However, a defendant can only be given credit toward a term of imprisonment if such credit "has not been credited against another sentence." 18 U.S.C. § 3585(b). A defendant cannot receive presentence credit on a federal sentence for time that was already credited to a prior state sentence. See United States v. Wilson, 503 U.S. 329, 334 (1992); Goodface v. U.S. Att'y Gen., 802 F. App'x 397, 399 (10th Cir. 2020).

2

Mr. Fuimaona's federal sentence commenced on May 25, 2017, the date he was sentenced and received into federal custody. See Binford v. United States, 436 F.3d 1252, 1255 (10th Cir. 2006). His prior custody by the state of Missouri was already credited to his state court conviction. Therefore, the district court was correct that the BOP properly calculated Mr. Fuimaona's credit for prior custody.

Mr. Fuimaona also argues that he was entitled under U.S.S.G. § 5G1.3 to credit on his federal sentence for the time he served in connection with his Missouri state sentences. Aplt. Br. 4–10. That issue, we conclude, is not one that is properly raised in a § 2241 habeas petition. Rather, that issue, which effectively challenges the manner in which his federal sentence was calculated, can be considered only by the sentencing court by way of a motion to correct sentence filed pursuant to 28 U.S.C. § 2255.[1]

We therefore AFFIRM the district court and GRANT the motion to proceed in forma pauperis.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] Further, the sentencing transcript indicates that the district court did impose the federal sentence to run concurrently with the remainder of Mr. Fuimaona's state sentence in compliance with U.S.S.G. § 5G1.3. See Sentencing Transcript, United States v. Fuimaona, No. 4:15-cr-00101-BCW-6, at 20 (ECF No. 333).