**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard T. BAGSTER,**
**Defendant–Appellant.**

**No. 89–6423.**

United States Court of Appeals,
Tenth Circuit.

Oct. 1, 1990.

---

608

Jerry S. Duncan, Clinton, Okl., for defendant-appellant.

Timothy D. Leonard, U.S. Atty., and D. Blair Watson, Asst. U.S. Atty., W.D. Okl., Oklahoma City, Okl., for plaintiff-appellee.

Before McKAY, TACHA, and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant-appellant Richard Bagster entered a conditional plea of guilty to various drug charges and now appeals the district court's denial of his motion to dismiss the indictment under the Speedy Trial Act and the sixth amendment speedy trial clause.

## I. Facts

On February 19, 1987, federal Drug Enforcement Agency officials arrested Mr. Bagster and placed him in the Oklahoma County Jail in Oklahoma City. Later that same day, without the knowledge or consent of federal officials, county jail officials allowed Mr. Bagster to post a $20,000 bond and released him. On February 20, 1987, DEA officials went to the jail to bring Mr. Bagster before a federal magistrate, but learned that Mr. Bagster had been released on state bond. Later on February 20, federal officials filed a complaint against Mr. Bagster and obtained an arrest warrant for violation of criminal drug statutes.

Mr. Bagster became a fugitive and remained at large until June 12, 1987, when officials from Dewey County, Oklahoma, arrested him on state drug charges. The United States Attorney's office learned of the state arrest on June 22, 1987. At the

request of the U.S. Attorney, the United States Marshal immediately filed a detainer with the Dewey County authorities. The detainer was based on a parole violation relating to an earlier drug conviction in the Western District of Texas.

Mr. Bagster remained in the custody of Dewey County authorities until all state charges were resolved and sentences imposed. Sometime after February 3, 1989, Mr. Bagster was transferred into the custody of the Oklahoma Department of Corrections to begin serving his state sentences. However, the Dewey County Sheriff's Office did not notify the U.S. Marshal of the transfer until May 25, 1989. The U.S. Marshal then issued another detainer directed to the Department of Corrections. This latest detainer was based on the federal drug complaint of February 20, 1987, and the earlier parole violation. On July 26, 1989, Mr. Bagster was remanded to the custody of the U.S. Marshal. The federal grand jury returned an indictment on the federal drug charges on August 23, 1989.

Mr. Bagster moved to dismiss the indictment, alleging that the indictment came too late under the federal Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* Alternatively, Mr. Bagster argued that the government had violated his sixth amendment right to a speedy trial. After a hearing, the district court denied the motion. Mr. Bagster then conditionally pleaded guilty to all but one of the six counts of the indictment, reserving for appeal the speedy trial issues.

## II. Speedy Trial Act

Mr. Bagster argues that the district court erred by refusing to dismiss the charges against him, because the government failed to indict him within the period specified in section 3161(b). That section of the Speedy Trial Act provides in part:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individ-

ual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(b) (1988). Because DEA officials arrested him on February 19, 1987, but did not indict him until August 23, 1989, Mr. Bagster now claims that the government failed to indict "within thirty days from the date on which [he] was arrested ... in connection with such charges." *Id.* Thus, Mr. Bagster argues, under section 3162(a)(1) the district court had no choice but to dismiss the indictment.[1] The district court determined, however, that Mr. Bagster's February 19, 1987, arrest did not trigger the time period set forth in the Speedy Trial Act because he was released without any formal charges having been filed in connection with that arrest.

The question of whether, or when, the actions of federal authorities trigger the time requirement of section 3161(b) is a question of law. Accordingly, we review the district court's determination of the issue *de novo*. *See In re Ruti–Sweetwater, Inc.,* 836 F.2d 1263, 1266 (10th Cir. 1988).

We hold that Mr. Bagster's February 19, 1987, arrest by DEA agents did not trigger the time requirement of section 3161(b). Although DEA officials intended to charge Mr. Bagster immediately after the arrest, their efforts were frustrated when jail officials mistakenly released him on state bond and he disappeared. No federal complaint had been filed against Mr. Bagster prior to his arrest, nor was he formally charged prior to his release. The Oklahoma County jailer had no authority to bring federal charges or set federal bail. *See United States v. Shahryar,* 719 F.2d 1522, 1525 (11th Cir.1983) (Speedy Trial Act rules relate only to federal not state custody; federal government not bound by actions of state authorities). Mr. Bagster's release was, therefore, the functional equivalent of an unconditional release from federal custody. Courts have uniformly held that an arrest followed by an unconditional release

---

1. "If ... no indictment or information is filed within the time limit required by section 3161(b) ..., such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1) (1988).

without formal charges is not an "arrest in connection with such charges" sufficient to trigger the time requirements of the Speedy Trial Act. *United States v. Johnson*, 815 F.2d 309 (5th Cir.1987), *cert. denied*, 484 U.S. 1068, 108 S.Ct. 1032, 98 L.Ed.2d 996 (1988); *United States v. Stead*, 745 F.2d 1170 (8th Cir.1984); *United States v. Kubiak*, 704 F.2d 1545 (11th Cir.), *cert. denied*, 464 U.S. 852, 104 S.Ct. 163, 78 L.Ed.2d 149 (1983); *United States v. Candelaria*, 704 F.2d 1129 (9th Cir. 1983).

■ The more difficult question is whether the thirty-day clock began to run when the federal complaint was filed on February 20, 1987. The Eighth Circuit has held on different facts that the thirty-day clock begins to run upon filing of a complaint. *United States v. Peterson*, 698 F.2d 921 (8th Cir.1982). In *Peterson*, federal authorities arrested the defendant after he sold drugs to an undercover agent. They questioned and released him without filing formal charges. Approximately two and one-half months later the government filed a complaint. Mr. Peterson was indicted twenty-four days after the complaint was filed. Mr. Peterson challenged the indictment, claiming that, under the Speedy Trial Act, it should have been returned within thirty days of his initial arrest. The court, however, held that the thirty-day period began when the complaint was filed. The indictment was therefore timely. *Id.* at 923. *Accord United States v. Solomon*, 679 F.2d 1246 (8th Cir.1982); *United States v. Jones*, 676 F.2d 327 (8th Cir.), *cert. denied*, 459 U.S. 832, 103 S.Ct. 71, 74 L.Ed.2d 71 (1982).

However, other circuits have held that a complaint is insufficient, by itself, to trigger the Speedy Trial Act. In *United States v. Bloom*, 865 F.2d 485 (2d Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 1762, 104 L.Ed.2d 197 (1989), the defendant was a suspect in a lengthy conspiracy investigation. Early in the investigation, the FBI arrested and questioned the defendant. After the defendant agreed to cooperate, the FBI released him without charge. The next day, in order to ensure the defen-

dant's continued cooperation, the FBI filed a complaint against him and obtained a warrant for his arrest. The warrant was never executed. Almost two years after the initial arrest and complaint, the government indicted the defendant. He demanded dismissal of the indictment under the Speedy Trial Act.

The Second Circuit held in *Bloom* that neither the original arrest nor the complaint filed the next day, after the defendant was released from federal custody, triggered the thirty-day clock. The court concluded that "the filing of a federal complaint without *concurrent* action depriving a defendant of liberty for the purpose of facing charges is insufficient to trigger the Speedy Trial Act's timing provisions." *Id.* at 491 (emphasis added).

Similarly, the Fifth Circuit held that the Speedy Trial Act was not triggered when federal authorities filed a complaint against an individual whom they had, two weeks earlier, arrested, questioned, and turned over to state authorities without filing federal charges. *Johnson*, 815 F.2d at 309. More than a year after the federal complaint was filed, the defendant was released from state custody into federal custody. Only then was a federal indictment returned. The court rejected an argument that the Speedy Trial Act was triggered by filing the complaint. The court reasoned:

[T]he filing of a complaint does not in itself impose a significant restraint on an accused's liberty. The complaint is merely a document on which action may or may not be taken. An accused may never even receive notice that a complaint has been filed....

We conclude that Johnson was not arrested within the meaning of section 3161(b) until he was turned over to federal officials following his release from state custody on March 15, 1985. It was only at that point that Johnson was under federal arrest in connection with the formal federal charges on which he was eventually convicted.

*Id.* at 312. *See also Shahryar*, 719 F.2d at 1524 (Speedy Trial Act not triggered by

filing of federal complaint and detainer when defendant in state custody).

We believe the better rule to be that announced by the Second Circuit in *Bloom*. In our opinion, the requirement that the federal charge concur with a federal arrest is more faithful to the language of the Act. We, therefore, hold that a person is not "arrested in connection with" a charge, within the meaning of section 3161(b) of the Speedy Trial Act, unless there is some coincidence of (1) a pending federal complaint and (2) federal custody based on that complaint. Under this rule, if a complaint is filed before federal arrest pursuant to that complaint, the Speedy Trial Act is triggered at the moment of arrest.[2] If, on the other hand, a person is arrested and kept in custody without a warrant, the Federal Rules of Criminal Procedure require a "complaint [to be] filed forthwith." Fed.R. Crim.P. 5(a). The Speedy Trial Act is triggered in that circumstance when the complaint is filed while the arrestee remains in custody for the offense charged in the complaint.

In the present case, the pending federal complaint against Mr. Bagster did not coincide with federal custody until Mr. Bagster was remanded to the custody of the U.S. Marshal on July 26, 1989.[3] Mr. Bagster was indicted within thirty days, on August 23, 1989. The indictment was therefore timely under the Speedy Trial Act.

### III. Sixth Amendment Speedy Trial Right

Mr. Bagster claims that the thirty-month delay between his initial arrest and his federal indictment violated his sixth amendment right to a speedy trial. On the uncontested facts, the trial court concluded that no such violation occurred. On *de novo* review, we affirm this conclusion.

The sixth amendment right to a speedy trial implies no specific time limits. *Barker v. Wingo*, 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 (1972). Instead, the court must balance four factors to determine whether that right has been violated: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2192. "[N]one of the four factors identified above [is] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533.

In this case, the initial delay in bringing Mr. Bagster to trial resulted from his disappearance. When Mr. Bagster was captured and held by state authorities, the federal government made appropriate efforts to gain custody of Mr. Bagster in order to bring him to trial on federal charges. Any untoward delay resulted from Mr. Bagster's own actions or lack of state cooperation, not lack of federal diligence. Mr. Bagster does not allege that he unsuccessfully asserted his right to a speedy trial. The trial court found, and we agree, that Mr. Bagster was not prejudiced by the lapse of time. Considering all the circumstances, the thirty-month period which elapsed between Mr. Bagster's initial arrest and his indictment was not unreasonable and did not violate Mr. Bagster's constitutional right to a speedy trial.

We, therefore, affirm the district court's denial of Richard Bagster's motion to dismiss.

---

**2.** Further support for our conclusion is found in the alternate requirement of section 3161(b) that the thirty-day clock begins when the defendant is "served with a summons in connection with such charges." The filing of a complaint is a predicate to the issuance of a summons. Fed. R.Crim.P. 4(a). Therefore, the coincidence of an outstanding complaint and the service of a summons is an implicit condition.

**3.** The various federal detainers filed against Mr. Bagster did not constitute "arrests" within the meaning of the Speedy Trial Act. *Johnson*, 815 F.2d at 312; *United States v. Copley*, 774 F.2d 728, 731 (6th Cir.1985), *cert. denied*, 475 U.S. 1049, 106 S.Ct. 1272, 89 L.Ed.2d 580 (1986); *Shahryar*, 719 F.2d at 1524.