**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JONI PAUL GOTTFRIED,

Defendant-Appellant.

No. 97-6077
(W. District of Oklahoma)
(D.C. No. 96-CR-171)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO,** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Joni Paul Gottfried appeals his conviction and sentence entered in the United States District Court for the Western District of Oklahoma for felonious

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). Gottfried claims that his statutory and constitutional rights to a speedy trial were violated. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291. This court addresses Gottfried's claims in turn, and finding each to be wholly frivolous, this court **DISMISSES** the appeal and **GRANTS** counsel's motion to withdraw pursuant to the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967).

On August 8, 1996, a criminal complaint was filed against Gottfried, alleging he was in possession of a .357 caliber revolver and that he had previously been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1). At a preliminary hearing/detention hearing on August 13, 1996, the district court found probable cause supporting the complaint and detained Gottfried, finding he was a danger to the community. Gottfried subsequently filed an Unopposed Application for Order for Psychiatric Examination which was granted. The district court ordered that the time required for psychiatric examination be deemed excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A). After a competency hearing on October 22, 1996, the district court found Gottfried did not suffer from mental disease or defect and was capable of assisting in his own defense.

On November 6, 1996, a grand jury returned a one-count indictment against Gottfried for felonious possession of a firearm. Gottfried pleaded guilty and was

sentenced to 180 months imprisonment, three years supervised release, and assessed a $100.00 fine. Counsel, pursuant to *Anders v. California*, filed Gottfried's Appellate Brief and simultaneously moved to withdraw as counsel, advising this court that counsel believes the issues advanced on appeal are frivolous. 386 U.S. 738 (1967).

Gottfried argues that his statutory and constitutional rights to a speedy trial were violated. The Speedy Trial Act requires a criminal defendant's trial to begin within 70 days, not counting "excludable time" as defined by 18 U.S.C. § 3162(h), after the filing of the indictment, or from the date the defendant first appears before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). In making the claim that his trial did not begin within 70 non-excludable days, Gottfried erroneously counts the days which elapsed between the date of his arrest and the date on which he pleaded guilty. His result is 72 non-excludable days, in violation of the 70-day rule under the Speedy Trial Act. This measure, however, is without merit.

The pre-indictment period, which Gottfried attempts to include in his calculations, is not subject to the 70-day rule. 18 U.S.C. §§ 3161(b) & 3161(c). The start date for purposes of the Speedy Trial Act was the filing of the indictment which did not occur until November 6, 1996. Gottfried entered his guilty plea on December 9. 1996, 33 days later. This amount of time was clearly

within the 70-day rule. Thus, on its face, the Speedy Trial Act was not violated and this court finds Gottfried's statutory claim frivolous.

Gottfried also argues his Sixth Amendment right to a speedy trial was violated. "'A Sixth Amendment speedy trial claim is assessed by balancing the length of the delay, the reason for the delay, whether the defendant asserted his right to a speedy trial, and whether the delay prejudiced the defendant.'" *United States v. Dirden*, 38 F.3d 1131, 1137 (10th Cir. 1994) (quoting *United States v. Tranakos*, 911 F.2d 1422, 1427 (10th Cir. 1990)). Because this court determines the period of delay, 123 days, was not "presumptively prejudicial," we need not examine each of the four factors. *See Dirden*. 38 F.3d at 1137. This court has determined that eight-month and thirty-month delays were not "presumptively prejudicial." *See United States v. Kalady*, 941 F.2d 1090, 1095-96 (10th Cir. 1991); *United States v. Bagster*, 915 F.2d 607, 611 (10th Cir. 1990). Gottfried has neither presented an argument nor any facts to show how he was prejudiced by any delay. Not only does this court find that Gottfried has failed to show he was prejudiced by the 123-day delay, but we note that much of the delay was attributable to Gottfried's own motion and competency examination.

-4-

Because this court finds Gottfried's statutory and constitutional claims frivolous, this court **DISMISSES** the appeal and **GRANTS** counsel's Motion to Withdraw.

ENTERED FOR THE COURT,

Michael R. Murphy
Circuit Judge