FILED
United States Court of Appeals
Tenth Circuit

February 7, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NORMAN A. PARADA,

Defendant - Appellant.

No. 13-3261
(D.C. Nos. 5:11-CV-04048-JAR and
5:03-CR-40053-JAR-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Norman A. Parada, a federal prisoner proceeding *pro se*, seeks a certificate

of appealability (COA) to appeal the denial of his motion pursuant to Federal

Rule of Civil Procedure 59(e), requesting that the district court reconsider his

habeas claim under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

Exercising jurisdiction under 28 U.S.C. §§ 2253(a), 2253(c), and 1291, we

DENY Parada's request for a COA and DISMISS his appeal.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

Parada was convicted of possession with intent to distribute 100 or more grams of phencyclidine (PCP) and conspiracy to distribute the same. On appeal, we vacated Parada's conviction and reversed his sentence for an evidentiary error. *See United States v. McNeill*, 136 F. App'x 153 (10th Cir. 2005). After a second trial, a jury convicted Parada on both charges, and the district court sentenced him to 405 months' custody. We affirmed his conviction on direct appeal, *United States v. Parada*, 577 F.3d 1275 (10th Cir. 2009), and the Supreme Court denied certiorari.

Parada then timely sought § 2255 relief, raising twenty-five separate grounds of ineffective assistance of counsel at every stage of the underlying proceedings. The district court denied both Parada's request for § 2255 relief and his request for a COA. Parada then asked the district court to reconsider his § 2255 motion under Federal Rule of Civil Procedure 59(e). In his motion, Parada limited his request for reconsideration to four, or conceivably five, issues. While his motion for reconsideration was *sub judice*, Parada appealed the denial of his request for § 2255 relief to this court. We abated the appeal pending disposition of Parada's motion for reconsideration, which the district court denied.

Parada filed an appellate brief that we liberally construe as a mixed appeal. *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (explaining that *pro*

*se* litigants' filings are construed liberally). In part, Parada's appeal opposes the district court's denial of his claims for ineffective assistance of counsel from his original § 2255 motion.[1] *See* Fed. R. App. P. 4(a)(4)(B)(i). Parada also partially appeals the denial of his motion for reconsideration, where the district court reclassified one of the claims as an unauthorized second or successive § 2255 petition based on an intervening change in controlling law and dismissed it for lack of jurisdiction. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to obtain a COA before he can appeal the denial of any final order in a habeas corpus proceeding, including a motion for reconsideration under Rule 59(e). 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Cobb*, 307 F. App'x 143, 144–45 (10th Cir. 2009). A COA requires the applicant to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To meet this standard, a petitioner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

---

[1] If we instead interpret this portion of Parada's *pro se* appeal as an objection to the district court's denial of his motion for reconsideration, we would summarily dismiss these claims as a previously-presented habeas application under 28 U.S.C. § 2244(b)(1).

encouragement to proceed further." *Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005) (internal quotation marks omitted).

### A. Ineffective Assistance of Counsel

To prevail on his claims of ineffective assistance of counsel, Parada must show that (1) his counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. In analyzing the first prong, we apply the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Parada identifies four instances of ineffective assistance. First, he contends that his trial and appellate counsel failed to challenge the validity of the indictment. Specifically, he argues his counsel should have asserted that the government did not indict him within thirty days of his arrest as required by 18 U.S.C. § 3161(b). We agree with the district court that this claim is a nonstarter on both *Strickland* grounds. This court has held that "a person is not 'arrested in connection with' a charge, within the meaning of section 3161(b) of the Speedy Trial Act, unless there is some coincidence of (1) a pending federal complaint and (2) federal custody based on that complaint." *United States v. Bagster*, 915 F.2d 607, 611 (10th Cir. 1990). Parada was in state custody between March 12, 2003 and May 21, 2003, the date on which he was indicted by a federal grand jury. As

the district court observed, the thirty-day clock under § 3161(b) did not begin its countdown until May 21, 2003, when the grand jury indicted Parada under federal law. Accordingly, no reasonable jurist could even propose that Parada's counsel fell below an objectively reasonable standard in failing to challenge the indictment under § 3161(b).

Second, Parada alleges his counsel was ineffective for failing to appeal the result of the trial on the grounds that the district court improperly admitted as evidence inadmissible post-arrest statements of an alleged co-conspirator. Parada argues that the statements were made after the alleged conspiracy ended, making them hearsay not covered by the co-conspirator exemption in Federal Rule of Evidence 801(d)(2)(E). Prior to his second trial, counsel for Parada filed a motion *in limine* to, among other things, exclude the co-conspirator's testimony under Rule 801. The district court denied this motion and admitted the co-conspirator's statements. On appeal following the trial, counsel for Parada challenged the credibility of the co-conspirator's statements, but failed to challenge their admissibility.

Although criminal defendants are entitled to effective assistance of counsel on direct appeal, *see Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985), it is difficult to establish a claim of ineffective assistance of appellate counsel based on a failure to raise a particular issue on appeal. *Upchurch v. Bruce*, 333 F.3d 1158, 1163 (10th Cir. 2003). Parada presents no evidence establishing that his appellate

counsel's decision not to challenge the admissibility of his co-conspirator's post-arrest statements on appeal existed outside the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Indeed, many of the co-conspirator's supposedly inadmissible statements under Rule 801(d)(2)(E) are independently admissible because they do not constitute hearsay under any circumstances or they would otherwise fall under an exception contained within the Federal Rules of Evidence. In any event, Parada has not sufficiently identified any prejudice that he suffered as a result of his counsel's allegedly deficient performance. The district court's denial of relief on this ground cannot be reasonably questioned.

Third, and relatedly, Parada contends that his counsel fell below an objective standard of reasonableness when he failed to challenge several aspects of the testimony of another co-conspirator during trial. Like his claims respecting the first co-conspirator, Parada's scattershot attempt to challenge his counsel's handling of this co-conspirator's testimony is insufficient to establish either prong of the *Strickland* standard, particularly prejudice. Simply put, Parada cannot meet his burden to show that in the absence of his counsel's alleged unprofessional error, the outcome of his trial or appeal would have been different. There can be no reasonable dispute that the district court correctly found that this claim lacks merit.

Finally, Parada argues that his counsel performed ineffectively by failing to challenge, either through an evidentiary hearing or on appeal, the government's information submitted pursuant to 21 U.S.C. § 851 during sentencing. Relying on the record before it, the district court found that Parada's contentions regarding the inaccuracies in the § 851 report were conclusively unsubstantiated. For this reason, Parada's claim that his counsel's failure to challenge the validity of the § 851 report amounted to ineffective representation lacks reasonable integrity.

In sum, Parada's ineffective-assistance-of-counsel claims on his appeal from the denial of his § 2255 motion fail to establish a substantial showing of the denial of a constitutional right necessary for this court to grant a COA.

### B. *Second or Successive Habeas Petition*

In Parada's Rule 59(e) motion, the district court properly construed his new Sixth Amendment challenge as a second or successive habeas motion, *United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006), and dismissed it for lack of jurisdiction, *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). But we do not end our analysis there. Construing Parada's filings broadly, we consider his appeal as a request to file a second habeas petition.

To secure this court's permission to file a second habeas petition, Parada must establish that his claim is based on either new evidence or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h).

Parada cannot satisfy either requirement. He has never claimed that he has discovered new evidence. Instead, he argues under § 2255(h)(2) that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), gives him the right to a new trial. *Alleyne* held that any fact that increases the mandatory minimum sentence constitutes an element of the crime that must be found by a jury beyond a reasonable doubt. *Id.* at 2155. But we have held, however, that, while *Alleyne* "actually does set forth a new rule of constitutional law," it has not "been made retroactive to cases on collateral review." *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (internal quotation marks omitted); *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Thus, *Alleyne* does not satisfy § 2255(h)(2).

## III. Conclusion

Construing Parada's appellate filing as a mixed appeal, we DENY his application for a COA and DISMISS the appeal of his original § 2255 motion and DENY authorization to file a second or successive habeas petition.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge