**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

CARLOS FRANCO,

  Defendant - Appellant.

No. 15-2056
(D.C. No. 5:14-CR-00512-KG-1)
(D. of N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **MATHESON**, Circuit Judges.

Carlos Franco pleaded guilty to federal firearm charges under a plea agreement that allowed him to appeal the district court's denial of his motion to suppress evidence. Because Franco waived the sole argument he presents on appeal, we affirm the district court's denial of the suppression motion.

In the early morning hours of June 5, 2013, a Chaves County deputy sheriff initiated a traffic stop of Franco while Franco parked his girlfriend's vehicle. The

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

stop occurred on a residential street in Roswell, New Mexico, in front of a home belonging to Franco's friend. The officer searched the vehicle and discovered a firearm, which resulted in Franco's conviction.

Franco filed a motion to suppress evidence of the firearm in the district court, arguing: (1) the police lacked reasonable suspicion to initiate the traffic stop, (2) the search was not a valid search incident to arrest, (3) the gun was not in plain view, and (4) the impoundment of the car was illegal. At the suppression hearing, the arresting officer testified that while on patrol he saw a vehicle stopped in the middle of the street with its lights off. He then saw the glow of the reverse lights and watched the car back into a dirt area in front of the home. The officer believed the act of stopping in the middle of the road violated section 66-7-349 of the New Mexico Statutes, and this violation justified his stop. The district court denied the suppression motion.

On appeal, Franco presents only one argument: the officer lacked reasonable suspicion to initiate the stop because his interpretation of section 66-7-349 was an unreasonable mistake of law.

The statute, titled "Stopping, standing or parking outside of business or residence districts," provides in part:

> A. Upon any highway *outside of a business or residence district*, no person shall stop, park or leave standing a vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park or leave the vehicle off such part of the

-2-

highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon the highway.

N.M. Stat. Ann. § 66-7-349 (West) (emphasis added). Franco argues that because he was *inside* a residence district at the time of the stop, the statute clearly did not apply, and the officer's interpretation of the statute—that it did apply—was an unreasonable mistake of law. The Supreme Court recently ruled that while reasonable mistakes of law can justify traffic stops, unreasonable mistakes of law cannot. *See Heien v. North Carolina*, 135 S. Ct. 530, 540 (2014).

But Franco failed to make this argument in the district court. While his brief in support of the suppression motion discussed lack of reasonable suspicion, it did so only in conclusory terms. It did not mention the residential parking statute or whether the officer's interpretation of the statute was reasonable. Franco's failure to make the argument below waives it on appeal. *See Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013) ("Arguments that were not raised below are waived for purposes of appeal. This rule applies when a litigant changes to a new theory on appeal that falls under the same general category as an argument presented at trial or presents a theory that was discussed in a vague and ambiguous way.") (citation and internal quotation marks omitted). In addition, Franco's counsel did not raise the statutory issue at any time during the

district court's lengthy suppression hearing. The government had no opportunity to respond to the argument, and the district court had no occasion to rule on it.

Nor can Franco's appeal be saved by plain error review. Even if the error was plain, our decision in *United States v. Burke*, 633 F.3d 984 (10th Cir. 2011), forecloses relief in this case. In matters of pretrial suppression, Federal Rule of Criminal Procedure 12(c)(3) instructs us to disregard any arguments not presented below.[1] We stated in *Burke* that this rule "applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion." 633 F.3d at 987. Although Rule 12 contains an exception for "good cause," we have described this exception as "narrow" and we "rarely . . . grant relief" under it. *Id.* at 988; *see also United States v. Augustine*, 742 F.3d 1258, 1266 (10th Cir. 2014), *cert. denied*, 134 S. Ct. 2155 (2014). We have specifically held that an attorney's failure to raise an argument in a suppression hearing cannot qualify as "good cause." *See Augustine*, 742 F.3d at 1266 ("[W]e do not read *Burke* as expanding the good-cause exception such that it swallows the waiver rule articulated in [Rule 12], as it would if good cause warranting relief

---

[1] In *Burke*, we found such arguments "waived." 633 F.3d at 987–88. Since our decision in *Burke*, section (e) of Rule 12, which discussed "waiver," was removed and replaced by section (c)(3), which does not use the word "waiver." The Advisory Committee's notes, however, state that this change was meant to clarify that intent—normally a requirement for "waiver" in the context of a criminal case—is not required under section (c)(3). The change was not substantive.

from waiver existed every time a defendant's attorney inadvertently failed to raise a suppression argument.").

Franco cannot show good cause to excuse his waiver. Although the Supreme Court decided *Heien* after Franco's suppression hearing, the pre-*Heien* law in this circuit presented Franco with ample opportunity to raise the statutory issue in the district court. *See, e.g.*, *United States v. Nicholson*, 721 F.3d 1236, 1238 (10th Cir. 2013) ("Although an officer's mistake of fact can still justify a probable cause or reasonable suspicion determination for a traffic stop, an officer's mistake of law cannot.").

Thus, in accord with *Burke*, we cannot review Franco's claims for plain error. *See Burke*, 633 F.3d at 991 ("Accordingly, we hold Rule 12's waiver provision, not Rule 52(b)'s plain error provision, governs motions to suppress evidence, including specific arguments to suppress evidence, raised for the first time on appeal. Such motions and arguments are waived absent a showing of good cause for why they were not raised below. We therefore refuse to consider Burke's affidavit argument, even under a plain error analysis.").

We AFFIRM the district court's denial of Franco's suppression motion.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge