**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GREGORY LYNN SHRADER,

     Defendant - Appellant.

No. 15-5073
(D.C. No. 4:14-CR-00096-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.

_____

Mr. Gregory Shrader and Mr. Brad Stewart were business partners whose relationship soured. When it did, the two men clashed and Mr. Stewart accused Mr. Shrader of stalking and harassment. While the two men wrangled, a package containing an improvised explosive device was mailed to an Arizona sheriff. Though the package showed a return address

---

[*]     Oral argument would not be helpful in this appeal. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

for Mr. Stewart, law enforcement suspected that the sender had been Mr. Shrader. He was ultimately prosecuted and convicted in Arizona federal court on charges growing out of the mailing of an explosive.

During the investigation into these charges, authorities searched Mr. Shrader's house in Oklahoma pursuant to a search warrant. In the attic space, covered by insulation, were three firearms and one round of ammunition wrapped in plastic. This discovery led to charges in Oklahoma federal court of possession of firearms and ammunition by a felon. *See* 18 U.S.C. § 922(g).

Mr. Shrader's counsel moved to suppress the evidence seized from the house during the execution of the warrant. The district court denied the motion and ultimately convicted Mr. Shrader. Mr. Shrader then sought leave to file a second suppression motion pro se, but the district court concluded that the motion had been improperly filed.

In this pro se appeal, Mr. Shrader argues that (1) the district court should have granted his suppression motions, (2) the indictment should have been dismissed based on intrusion into the attorney-client relationship, (3) the prosecution should not have been allowed to pursue a theory of constructive possession, and (4) the district court violated the Speedy Trial Act. We reject these arguments and affirm.

## I. The district court properly denied Mr. Shrader's suppression motions.

Mr. Shrader argues that the district court should have granted his suppression motions because (1) the affidavit supporting the search warrant application had misled the magistrate judge, (2) an insufficient nexus existed between the house, the letters, and the explosive device, and (3) the warrant did not specify firearms as items to be seized.[1]

### A. Standard of Review

In reviewing the denial of Mr. Shrader's motion to suppress, "we accept the factual findings unless they are clearly erroneous . . . and review questions of law de novo." *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005).[2]

### B. The affiant did not mislead the magistrate judge.

Mr. Shrader argues that the district court should have granted the first motion to suppress because the magistrate judge had been misled by

---

[1] The district court also found that (1) the affidavit supporting the warrant application had not been based on stale information and (2) the seizure of the firearms and ammunition fell within the plain-view exception to the warrant requirement. These findings are not challenged in Mr. Shrader's opening brief. Mr. Shrader did discuss the plain-view exception in his reply brief, but this discussion came too late. *See United States v. Watson*, 766 F.3d 1219, 1230 n.8 (10th Cir.), *cert. denied*, ___ U.S. ___, 135 S. Ct. 735 (2014).

[2] Because Mr. Shrader appears pro se in this appeal, we liberally construe his appellate filings. *See Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

the law enforcement officer's affidavit. *See United States v. Leon*, 468 U.S. 897, 923 (1984) ("Suppression . . . remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth."). We reject this argument.

The affidavit said that

- the explosive had been found in an Arizona postal box on April 11, 2013,

- Mr. Shrader had been photographed that day in a vehicle only 1.2 miles away, and

- Mr. Shrader had also been photographed much earlier that day in this vehicle at a gas station in Amarillo, Texas, and again some twelve hours later at the south entrance to the Grand Canyon, roughly 65 miles from the drop box where the explosive was found.

Mr. Shrader insisted that he had an alibi for April 11 and that the vehicle he had been in had not matched the vehicle in the photographs.[3] The affiant later acknowledged that he had been wrong about the date that the photographs had been taken, stating that the date had actually been April 10, one day before the explosive was found.

Mr. Shrader argues that

- the affiant should not have been allowed to change the date that the vehicle had been photographed,

---

[3] Mr. Shrader was in a vehicle owned by Ms. Rachelle Raimer.

4

- his vehicle had mud flaps and the vehicle in the photographs taken near the drop box did not have mud flaps,

- the vehicle in the photographs was silver and his vehicle was brownish, and

- the affiant misrepresented conclusions by other investigators.

We reject these arguments.

The affiant did not correct any dates in the photographs. Instead, he stated that he had meant to use the date of April 10, instead of April 11, when addressing Mr. Shrader's whereabouts and the discovery of the explosive. The affiant did not alter anything in the photographs, and Mr. Shrader's attorney acknowledged that he had no evidence indicating alteration of the date stamp on the photographs. Thus, we reject Mr. Shrader's contention relating to the date change.

Mr. Shrader also questions the affiant's reliance on the photographs of the vehicle. According to Mr. Shrader, his vehicle was brownish and had mud flaps, while the affiant claimed that (1) the vehicle in all of the photographs was silver and (2) in the photographs taken near the drop box, the vehicle appeared to have no mud flaps. But these discrepancies did not taint the ruling.

The affiant testified in the suppression hearing that the mud flaps would not have been visible in the photographs taken near the drop box because of the speed and angle of the vehicle. And in district court, Mr. Shrader did not argue that his vehicle was a different color than the vehicle

5

shown in the photographs. Indeed, in the record on appeal, there is only one color photograph of Mr. Shrader's vehicle. R., Vol. I at 104 (attached). In that photograph,[4] the shading makes virtually everything appear green, so little could be said about the actual color of Mr. Shrader's vehicle. *Id.* As a result, the alleged discrepancies did not taint the affiant's reliance on the photographs.[5]

Finally, Mr. Shrader insists that the affiant misrepresented conclusions of other investigators. The affiant noted that other law enforcement officers were looking into allegations that Mr. Shrader had harassed Mr. Stewart. According to Mr. Shrader, the affiant later acknowledged that the investigation had come up empty. That is not correct. The affiant simply noted that the harassment allegations were being handled by others.

### C. A sufficient nexus existed between Mr. Shrader's Oklahoma house, letters described in the affidavit, and the explosive.

Mr. Shrader claims that there was no nexus between his house and (1) letters described in the affidavit or (2) discovery of the explosive in Arizona. We disagree.

---

[4] The affiant did not rely on this photograph.

[5] The affiant admitted that the vehicle's plate number could not be seen in the photographs taken near the drop box. But the plate number is visible in the Amarillo and Grand Canyon photographs, and this plate number matched the plate for the vehicle that Mr. Shrader had been in.

Probable cause existed only if there had been a nexus between the suspected crime and the place to be searched. *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990). Thus, the affiant had to provide enough facts to lead a prudent person to believe that the search would reveal evidence of a crime. *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000). In evaluating the facts in the affidavit, the magistrate judge had to make a "practical, common-sense decision based on the totality of the circumstances as set forth in the affidavit." *United States v. Rowland*, 145 F.3d 1194, 1204 (10th Cir. 1998) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). We afford great deference to that determination unless the affidavit failed to provide a substantial basis for the magistrate judge's conclusion. *Id.*

The affidavit here provided a substantial basis to conclude that evidence of criminal activity would be found at Mr. Shrader's house. The affiant provided detailed descriptions of five letters or packages that had been mailed to Mr. Stewart or third parties. Four appeared to frame or discredit Mr. Stewart, and one contained "a brown lump of organic material with a powder substance." R., Vol. I at 55. Three of the letters bore postmarks for the postal center nearest Mr. Shrader's house.

The affiant added that after bringing these letters to the court's attention in a civil suit between Mr. Stewart and Mr. Shrader, Mr. Stewart

continued to receive harassing mail but the postmarks changed to show processing in a different state.

In addition, the affiant noted that a forensic examiner had compared the abusive letters to documents that Mr. Shrader was known to have written. Based on this comparison, the forensic examiner

- found similarities in capitalization, punctuation, spelling errors, word choices, and formatting and

- concluded that Mr. Shrader had probably written one letter identifying Mr. Stewart as a heroin trafficker.

The affiant added that (1) the letters had been prepared on a computer and printed and (2) prior to their dispute, Mr. Stewart had visited Mr. Shrader's home and had seen a computer and printer.

Together, the factual statements in the affidavit created a substantial basis to link the letters to Mr. Shrader's house.

The affiant also set forth sufficient facts linking Mr. Shrader's house to the explosive. These facts included descriptions of the photographs showing that on April 10, Mr. Shrader had gone through Amarillo, Texas to the Grand Canyon's south entrance.

Finally, the affiant pointed out that two months earlier, Mr. Shrader had shopped at a crafts store in Oklahoma that stocked some of the components found in the package containing the explosive.

In their totality, these facts created probable cause for the search by linking Mr. Shrader's house to the abusive letters and the explosive.

**D. Mr. Shrader waived his argument that suppression was necessary because firearms had not been listed as items to be seized.**

Mr. Shrader "believe[s]" that (1) Mr. Stewart told the affiant that there were guns in Mr. Shrader's house and (2) Mr. Stewart placed them there or had them placed there. Appellant's Opening Br. at 8-9. According to Mr. Shrader, the affiant omitted from his affidavit any mention of firearms out of fear that Mr. Stewart would be called as a witness at a suppression hearing and testify that he had planted the firearms in the house. Mr. Shrader contends that the omission of firearms in the affidavit rendered the warrant lacking in particularity.

Mr. Shrader made this argument in a pro se motion to suppress filed after the trial. The district court denied the motion as improperly filed because Mr. Shrader had counsel at the time and the court had earlier denied hybrid representation.

We agree that Mr. Shrader's particularity argument was not properly presented to the district court. *See United States v. Hale*, 762 F.3d 1214, 1219-20 (10th Cir. 2014) (concluding that an argument made in a pro se motion "was not properly presented to the district court" because the district court had denied permission to engage in hybrid representation), *cert. denied*, ___ U.S. ___, 135 S. Ct. 1464 (2015). Moreover, Mr. Shrader raises no appellate challenge to the denial of hybrid representation.

Because Mr. Shrader failed to properly present the argument in district court, the argument is considered waived in the absence of good cause. Fed. R. Crim. P. 12(c)(3); s*ee United States v. Burke*, 633 F.3d 984, 988, 991 (10th Cir. 2011) (holding that plain-error review under Fed. R. Crim. P. 52 does not apply to pretrial suppression motions and that "motions to suppress evidence, including specific arguments to suppress evidence, raised for the first time on appeal . . . are waived absent a showing of good cause [under Rule 12] for why they were not raised below").[6] The "good cause" exception is "narrow" and rarely satisfied. *Burke*, 663 F.3d at 988 (internal quotation marks omitted).

Mr. Shrader failed to show good cause because he has not offered any reason for his failure to properly present the particularity argument in district court. Though Mr. Shrader's attorney declined to present the argument, that omission does not constitute good cause. *United States v. Augustine*, 742 F.3d 1258, 1266 (10th Cir. 2014). As a result, this argument has been waived.

---

[6] In *Burke*, we concluded that such arguments are "waived." 633 F.3d at 991. Since our decision in *Burke*, Rule 12(e) (which discussed "waiver") was removed and replaced by section (c)(3) (which does not use the word "waiver"). This change served only to clarify that intent is not required under section (c)(3). Fed. R. Crim. P. 12, advisory committee note-2014 amendment.

**II. There was no basis to dismiss the indictment based on intrusion into the attorney-client relationship.**

Mr. Shrader sought to dismiss the indictment based on allegations that his jailers had seized or interrupted his legal mail during his pretrial confinement in the Tulsa, Oklahoma county jail. The district court orally denied the motion to dismiss, finding that (1) the jail was operated by the Tulsa County Sheriff's Office and (2) Mr. Shrader's grievance did not implicate the federal district court, the United States Attorney's Office, or the United States Marshals Service.

We review this ruling only for an abuse of discretion. *See United States v. Alcaraz–Arellano*, 441 F.3d 1252, 1265 (10th Cir. 2006) ("We review for abuse of discretion the district court's grant or denial of a motion to dismiss an indictment."). No error took place, for Mr. Shrader offers only conclusory allegations that the Marshals Service was involved in seizing the mail. Accordingly, we conclude that the district court did not abuse its discretion.

**III. The district court did not err in allowing the prosecution to pursue a theory of constructive possession.**

Mr. Shrader argues that the prosecution could not rely on a constructive possession theory because it had not been charged in the indictment, had been improperly addressed in closing arguments, and had been unsupported by the evidence.

11

Mr. Shrader's first two arguments incorrectly assume that constructive possession and actual possession are separate offenses. The statute of conviction, 18 U.S.C. § 922(g)(1), criminalizes "possess[ion]" of a firearm or ammunition by a convicted felon. "It is well settled the required 'possession' for purposes of § 922(g) includes both actual and constructive possession." *United States v. Taylor*, 113 F.3d 1136, 1144 (10th Cir. 1997). Accordingly, we reject Mr. Shrader's first two arguments.

Mr. Shrader also alleges that the constructive possession theory was unsupported by the evidence. In this vein, Mr. Shrader argues that the prosecution failed to prove that he had known that the guns and ammunition were in his house. Although knowledge is an element of a § 922(g)(1) offense, the fact-finder could reasonably infer knowledge from Mr. Shrader's exclusive possession of the house where the firearms or ammunition were later discovered. *See United States v. Little*, ___ F.3d ___, No. 15-2019, 2016 WL 3902581, at *4 (10th Cir. July 19, 2016) (stating that dominion, control, and knowledge can be inferred from exclusive possession, as can intent to exercise command over the objects).

The prosecution presented evidence that Mr. Shrader had exclusive possession of the Oklahoma house. This evidence consisted of (1) testimony that officers had recovered Mr. Shrader's bank statements, a water bill, and other mail in his house and car, (2) the absence of anything to suggest that someone other than Mr. Shrader lived in the house, and (3)

12

surveillance showing that Mr. Shrader was the only person seen entering and leaving the house. The fact-finder could reasonably infer from this evidence that Mr. Shrader had exclusive possession of the house. Thus, we conclude that the evidence on constructive possession was sufficient for a conviction.

## IV. There was no violation of the Speedy Trial Act.

In relevant part, the Speedy Trial Act requires

- the filing of an information or indictment "within thirty days from the date on which [an] individual was arrested or served with a summons in connection with such charges" and

- the beginning of trial within 70 days "from the filing date . . . of the . . . information or indictment . . . or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(b), (c)(1). Mr. Shrader contends that both his indictment and his trial were untimely under the Act. We disagree.

### A. Standard of Review

We review application of the Act's legal standards de novo and examine the district court's factual findings for clear error. *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998).

### B. The indictment was timely.

We first consider whether the indictment was timely. Mr. Shrader was indicted in the Northern District of Oklahoma on June 5, 2014. But he was not arrested on the indictment until February 11, 2015, which is when

13

he made his first appearance in the Northern District of Oklahoma on the charge in the Oklahoma indictment. *See United States v. Shrader*, No. 4:14-CR-00096-CVE-1 (N.D. Okla. Mar. 25, 2015), ECF No. 25 at 1.[7] Thus, there was no violation of the Act's 30-day deadline for an indictment. *See United States v. Bagster*, 915 F.2d 607, 611 (10th Cir. 1990) (holding that "if a complaint is filed before federal arrest pursuant to that complaint, the Speedy Trial Act is triggered at the moment of arrest").[8]

Mr. Shrader contends that he was arrested on March 6, 2014 (when the search warrant was executed). But that arrest pertained to the charges in the District of Arizona, which are not involved here. *See United States v. Shrader*, No. 4:14-mj-00035-PJC-1 (N.D. Okla. Mar. 6, 2014) (docket annotation stating Mr. Shrader was arrested "on charges pending in another district" (capitalization omitted)).[9] The next day, March 7, he was brought before an Oklahoma magistrate judge, who (1) noted that Mr. Shrader had

---

[7]　The executed arrest warrant is not part of the record transmitted to this court, but we may take judicial notice of the return. *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006).

[8]　As the district court noted, its docket reflects that Mr. Shrader was arrested in Arizona on the Oklahoma charges on January 8, 2015. Even if we used that date as the date of arrest, the indictment would have been timely.

[9]　We take judicial notice of the filings in No. 4:14-mj-00035-PJC-1. *See Binford*, 436 F.3d at 1256 n.7.

14

been ordered to appear in the District of Arizona and (2) ordered the United States marshal to transport Mr. Shrader to the District of Arizona. *See id.* (N.D. Okla. Mar. 7, 2014), ECF No. 3 at 1 (criminal information sheet from a proceeding before a magistrate judge); *id.* ECF No. 6 at 1 (order committing Mr. Shrader to the District of Arizona). Thus, the March 6 arrest did not trigger the 30-day deadline for an indictment in this case. 18 U.S.C. § 3161(b).

## C. The trial was timely.

Mr. Shrader's February 11, 2015 arrest and appearance in the Northern District of Oklahoma triggered the Act's 70-day limit for trial. *See* 18 U.S.C. § 3161(c)(1). The district court set a trial date of April 13, 2015, which would have fallen within 70 days of the arrest.

In early March 2015, Mr. Shrader moved for a continuance of the April 13 trial date, the motion deadline, and a pre-trial and motions hearing so that his newly-retained counsel would have sufficient time to prepare pretrial motions. In addition, Mr. Shrader signed a waiver of his rights under the Speedy Trial Act. The district court (1) granted the continuance based on the ends of justice (18 U.S.C. § 3161(h)(7)), (2) reset the trial for May 11, 2015, and (3) ruled that the period of time from April 13 through May 11 was excludable from the Act's 70-day period

15

under § 3161(h)(7). *United States v. Shrader*, No. 4:14-CR-00096-CVE-1 (N.D. Okla. Mar. 9, 2015), ECF No. 18 at 1-3.[10]

Mr. Shrader has not questioned the continuance, alleging instead that he could not be compelled to waive his rights under the Speedy Trial Act. But there is no evidence of compulsion here. Accordingly, we conclude that the trial occurred within the Act's 70-day limit.[11]

## V.    Conclusion

The judgment of the district court is affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[10]    The district court's order granting the continuance is not part of the record transmitted to this court, but we may take judicial notice of the order. *See Binford*, 436 F.3d at 1256 n.7.

[11]    Mr. Shrader also states that his trial violated the "120 day rule" of the Interstate Agreement on Detainers Act. Appellant's Opening Br. at 30. This contention is not sufficiently developed for appellate review. *See United States v. Bader*, 678 F.3d 858, 894 (10th Cir. 2012).

16

Appellate Case: 15-5073   Document: 01019532812   Date Filed: 12/02/2015   Page: 104

