*699 MORITZ, J.,
concurring.
I join the majority’s resolution of the issues relating to Elliott’s arson conviction. See supra Part II. But unlike the majority, I wouldn’t reach the merits of Elliott’s thrice-waived suppression argument. Accordingly, I decline to join Part I of the majority opinion.
Although it doesn’t heed its own ruling, the majority thoroughly and persuasively explains why, even assuming Elliott merely forfeited his suppression argument in the district court, he waived it on appeal by failing to argue for plain-error review. The majority also identifies two compelling bases for finding waiver in the district court. See Maj. Op. 688 n.4. First, Elliott declined the government’s express invitation to argue for suppression based on alleged ethical violations. When an argument “was intentionally relinquished or abandoned in the district court,” rather than simply inadvertently overlooked, “we usually deem it waived and refuse to consider it.” Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127-28 (10th Cir. 2011).
Second, even if Elliott only inadvertently overlooked his new argument, we’ve previously held that, regardless of intent, “a suppression argument raised for the first time on appeal is waived (i.e., completely barred) absent a showing of good cause for why it was not raised before the trial court.” United States v. Burke, 633 F.3d 984, 988 (10th Cir. 2011).[1] And while the majority notes that we have discretion in some instances to resolve waived arguments, see Maj. Op. 689-90, Burke unequivocally stated that “[wjhen a motion to suppress evidence is raised for the first time on appeal, we must decline review.” Id. at 987 (emphasis added) (quoting United States v. Brooks, 438 F.3d 1231, 1240 (10th Cir. 2006)). Moreover, even if we have discretion to consider this belated suppression argument, I would decline to do so here where Elliott hasn’t even attempted to show good cause for his failure to raise this suppression argument below. Cf. id. at 988 (noting that showing good cause is single, narrow exception to suppression-argument waiver rule).
Accordingly, while one waiver would suffice, Elliott has waived his suppression argument on three independent grounds. And as we’ve noted in another context, “three strikes are more than enough to allow [a] court to call a litigant out.” Lee v. Max Int’l, LLC, 638 F.3d 1318, 1321 (10th Cir. 2011). But instead, the majority hypothesizes- about what would have happened on the next pitch.[2] I would refrain from doing so for yet another reason: the *700 rarity with which we employ the power that Elliott asks us to exercise in the first instance.
Although the majority fails to say so, both parties recognize that Elliott’s suppression argument calls for us to exercise our supervisory power to exclude evidence based on willful disobedience of the law. See Aplt. Br. 23 (citing United States v. Hammad, 858 F.2d 834, 841 (2d Cir. 1988)); Aplee. Br. 21 (“[Elliott] asks this court to take the extraordinary step of exercising its supervisory power[ ] to suppress his statements.... ”). We recently emphasized our “circumspect approach to the exercise of the supervisory power.” United States v. Lilly, 810 F.3d 1205, 1219 (10th Cir. 2016); see also United States v. Payner, 447 U.S. 727, 734-35, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980) (noting Court’s “restrained application of the supervisory power,” which Court “applie[s] with some caution”).[3] We don’t take lightly the assertion that a prosecutor has violated his ethical duties, and suppressing evidence is a stiff penalty. Thus, we typically demand full development of these issues in the district court. Cf. United States v. Thomas, 474 F.2d 110, 112 (10th Cir. 1973) (holding that “[t]he problem is initially one for the trial courts”).[4] We lack the benefit of that development here.
In short, where a party has both waived an argument below and on appeal, I question the majority’s decision to analyze it— especially when that argument asks us to exercise our supervisory power. Moreover, because the government has declined to fully brief the merits of this issue, the majority is forced to act as both advocate and arbiter in reaching and deciding this issue. Instead, I would wait until this issue is squarely presented to us, with adequate development below and adequate briefing by both parties on appeal. Cf. Vasquez v. Los Angeles (“LA”) Cty., 487 F.3d 1246, 1250 (9th Cir. 2007) (noting that effective advocacy “sharpens the presentation of issues upon which the court so largely depends for illumination” and thus improves judicial decision-making (quoting Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962))).

. We decided Burke under a previous version of Fed. R. Crim. P. 12(c)(3). But as the majority notes, see Maj. Op. 688 n.4, we've since held in two unpublished opinions that Burke's reasoning survives Rule 12's amendment. See United States v. Shrader, 665 Fed.Appx. 642, 648-49 & n.6 (10th Cir. 2016) (unpublished); United States v. Franco, 632 Fed.Appx. 961, 963-64 & 963 n.1 (10th Cir. 2015) (unpublished).

. Because it insists on answering the ethical question, the majority is forced to predict how the Wyoming Supreme Court would decide this unresolved issue. See Maj. Op. 691-92; Belnap v. Iasis Healthcare, 844 F.3d 1272, 1295 (10th Cir. 2017). But longstanding principles of comity and judicial restraint counsel against the majority's gratuitous prognostication. Cf. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.”); Michigan v. Long, 463 U.S. 1032, 1039, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983) (explaining that out of "[rjespect for the independence of state courts, as well as avoidance of rendering advisory opinions, ... we do not wish to continue to decide issues of state law that go beyond the opinion that we review”).

. Because the majority resolves the ethical question in the government’s favor, it ultimately declines to exercise our supervisory power. But that resolution doesn’t retroactively justify the majority’s willingness to even consider exercising this rarely used authority despite Elliott’s multiple waivers of the issue.

. I couldn't locate a single case, and the parties cite none, where this court considered a supervisory power argument for the first time on appeal—and certainly not after we found that argument clearly forfeited or waived.